Commonwealth of Pennsylvania, Department of Transportation *v.* S. K. Desikachar, Appellant.

Argued December 5, 1975, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Rajeshwar Kumar,* for appellant.

*Reynold J. Kosek,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, January 6, 1976:

This is an appeal by Satyagalam K. Desikachar (appellant) from an order of the State Civil Service Commission (Commission) which affirmed an "unsatisfactory" Interim Performance Evaluation Report (IPER) issued to appellant by the Department of Transportation (Department).

In our review of this matter, we are required by law to affirm the Commission unless it appears that its adjudication was not in accordance with law, that any of its findings of fact necessary to support its adjudication were not supported by the evidence, or unless the constitutional rights of the appellant have been violated. *O'Peil v. State Civil Service Commission,* 16 Pa. Commonwealth Ct. 467, 332 A. 2d 879 (1975).

Appellant, questioning the Commission's conclusions that his IPER was rated "unsatisfactory" for just cause,[1] alleges that he has received a biased IPER because of discriminatory actions[2] practiced by supervisory personnel in his department.

The Civil Service Act sets forth the premise that one's relationship with the classified service is to be controlled by a merit concept. This concept requires "personnel actions" of the Commonwealth to be based upon merit criteria relevant to the proper execution of the employee's duties. The criteria must be job-related and in some logical and rational manner touch upon competency and

---

1. As required by Section 807 of the Civil Service Act, Act of August 5, 1941, P. L. 752, *as amended,* 71 P.S. §741.807.

2. As prohibited by Section 905.1 of the Civil Service Act, 71 P.S. §741.905a.

ability. *See Cotter v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 49, 318 A. 2d 390 (1974).

On its face, appellant's IPER of January 2, 1975 meets this test imposed by the statute. All criteria rated in the IPER bear a direct relationship to the appellant's ability to successfully perform his duties. In four of the rated categories (Relationship with People, Quantity of Work, Initiative, and Analytical Ability), appellant received an "unsatisfactory" rating. In the categories of "Dependability" and "Quality of Work," the appellant was rated at the lowest level of the three-level "fair" subdivision. Only in "Safety Performance" was appellant rated as "good." Additionally, in the space reserved for "Comments" on the report, appellant was chastised for his disruptive behavior, the inadequacy of his skills, his lack of neatness, and his inability or refusal to differentiate between practical design and pure mechanical theory. From the face of this report, it is clear that the Department, by assigning an overall "unsatisfactory" rating to appellant, did not violate the provisions of the Civil Service Act.

The Department presented considerable competent testimony in support of all of the comments and ratings. Two of appellant's supervisors, Michael Hegarty and L. M. Robinson, and one of appellant's co-workers (presently a supervisor), Haridaden Parich, testified on behalf of the Department. All substantially testified to the effect that appellant was treated with the utmost consideration and yet responded to their assistance and tutelage with a considerable degree of belligerency. Hegarty explicitly testified as to the inability of appellant to perform the most simple tasks mandated by his job classification. Additionally, *appellant introduced* a memo from Robinson to the district's administrative officer, dated subsequent to the IPER, which spells out in detail the reasons for the "unsatisfactory" rating.

Of course, in rebuttal to the report and to the Department's evidence, and in the hope of carrying the burden imposed upon him by the Act,[3] appellant attempted to show that the ratings were based on the personal, calculated vindictiveness of his supervisors. Although appellant did present, through his testimony and through the use of certain documents, evidence that he hoped would prove some sort of "concerted conspiracy" by his "jealous supervisors" to prevent his possible future promotion from a Civil Engineer II to a Civil Engineer III in the classified service, the Commission, after weighing all of the evidence, found appellant's position to be without credence.[4]

We conclude that the Commission properly exercised its functions in the administrative framework and must be affirmed.[5]

---

3. It is incumbent upon an aggrieved employee to carry the burden of proving improper motivation for removal before the Commission. *Heppel v. State Civil Service Commission*, 17 Pa. Commonwealth Ct. 79, 330 A. 2d 304 (1974).

4. Appellant's allegation that he was deprived of his constitutional rights to freedom of expression is without merit. Though it is true that an employee, merely because of his presence in the classified service, cannot be precluded from all freedom of expression, *Chalk Appeal*, 441 Pa. 376, 272 A. 2d 457 (1971), it certainly is not true that freedom of expression extends to appellant's loud and undignified arguments with his superiors over department engineering procedures and his refusal to perform his duties "by the book" because of his assertions that his way is the better or only way.

5. Appellant also questions the manner in which the Commission constructed its findings of fact. While the findings here, like so many others that lately have been sent to us from a variety of state boards and commissions (*see, e.g., Unemployment Compensation Board of Review v. Walton*, 21 Pa. Commonwealth Ct. 47, 343 A. 2d 70 (1975), and cases cited therein), do not rise to that level of explicitness and thoroughness that we vainly continue to seek, we nevertheless feel that they meet the necessary minimal standard of presenting before this Court a construction of the case

## ORDER

AND NOW, this 6th day of January, 1976, the order of the State Civil Service Commission, dated April 18, 1975, dismissing the appeal of Satyagalam K. Desikachar, is hereby affirmed.

---

capable of our review. *See Workmen's Compensation Appeal Board v. Auto Express, Inc.*, 21 Pa. Commonwealth Ct. 559, 346 A. 2d 829 (1975).