Frank R. Magnelli, Petitioner *v.* Commonwealth of Pennsylvania, State Civil Service Commission and Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Respondents.

Argued January 30, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Walter K. Swartzkopf, Jr.,* for petitioner.

*Barbara G. Raup,* Assistant Attorney General, for respondent, Pennsylvania Civil Service Commission.

*Kenneth W. Makowski,* Assistant Attorney General, for respondent, Pennsylvania Liquor Control Board.

OPINION BY JUDGE WILKINSON, JR., March 16, 1978:
Petitioner, an Enforcement Officer III with the Pennsylvania Liquor Control Board (Board), has filed with this Court an original action in the nature of mandamus. Both the Board and the Pennsylvania State Civil Service Commission (Commission) have filed

preliminary objections to the petitioner's suit against them in addition to which the Commission has filed a motion to dismiss. For the reasons discussed below, we overrule the preliminary objections and the motion to dismiss, and order that respondents file answers to the petitioner's Petition for Review.

On August 9, 1974, the position of Enforcement Officer VI (Director of Enforcement) with the Board became vacant, and remained so until April 9, 1976. At that time the Commission, upon the Board's recommendation, authorized the provisional appointment of Paul Landau to that position. Prior to this appointment, the requirements for Enforcement Officer VI had been altered so as to eliminate the need for prior service with the Board and to broaden the scope of acceptable experience. Mr. Landau continues to serve as a provisional appointee.

On January 25, 1974, the position of Enforcement Officer V (Assistant Director of Enforcement) became vacant. John Pensiero and Robert Israel were appointed "acting" Assistant Directors on June 28, 1976. In addition, a position as Enforcement Officer IV had become vacant on August 12, 1974 with the transfer of Mr. Pensiero from a position with the Board's central office to a district supervisor's job.

Petitioner submitted applications for all three positions on October 26, 1976. The petitioner also sent letters to the Board and the Commission, attached to the Petition for Review as Exhibits "A" and "B," requesting that Mr. Landau be removed from his provisional status, and that all three positions be made available to qualified Board enforcement officers in accordance with the provisions of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.1 et seq.

The Commission responded by letter dated October 28, 1976, attached to the Petition for Review as

Exhibit "C," and stated that examinations for the three classes were not presently open. The Commission further stated that it had no authority to require the Board to take appointive or promotive action. The Commission did, however, recognize its duty to provide eligible lists for confirming or replacing provisionals, and promised to do this as soon as the necessary staff resources were available.

In its response to petitioner's letter, the Board admitted that the Enforcement Officer IV and V positions were open, but noted that there were two persons in an acting capacity. With respect to the requested removal of Mr. Landau from his Enforcement Officer VI position, the Board stated that this was a matter for the Commission.

Following this exchange of correspondence, the petitioner filed his petition with this Court. This petition seeks to compel the removal of Mr. Landau and to require the Commission to hold examinations for the three enforcement officer positions.

The foregoing is a summary of all the facts that are before us as alleged in the Petition for Review and must be taken as true and complete. In the briefs and oral argument much is made of what happened subsequently. Before these matters can be considered by this Court the facts must be properly placed before us, either by way of answer, new matter, or otherwise.

The Board's preliminary objections aver that the petitioner has failed to exhaust the administrative remedies available to him under Section 905.1 of the Act, 71 P.S. §741.905a, and that therefore the instant suit is not properly before us. The Commission avers that the petitioner lacks standing, arguing that he has failed to allege that he possesses the necessary qualifications for the positions of Enforcement Officers V or VI. The Commission argues with respect to the

Enforcement Officer VI position that it has discretion in deciding the job classifications for which it is necessary and desirable to establish and maintain eligibility lists.

Turning first to the Commission's allegation that the petitioner lacks standing, we find that the petitioner has sufficiently alleged that he possesses the necessary qualifications for the position under consideration. In paragraph four of his Petition for Review, petitioner alleges that he is an attorney, whose experience with the Board has included legal, supervisory and administrative duties. In paragraph sixteen, petitioner alleges that he, and other individuals within and outside the Board, meet the requirements for the position of Enforcement Officer VI, and further, in paragraph seventeen, that he has a right to qualify for this position through examination. Paragraph twenty-eight of the Petition for Review contains petitioner's allegation that he is qualified to apply for the position of Enforcement Officer V, in light of the revised requirements for that position. We believe that these allegations of the petitioner, viewed in light of the procedural posture of this case, are sufficient to refute the Commission's claim that petitioner lacks standing.

We must also reject the Board's claim that the petitioner has failed to exhaust his administrative remedies. The Board relies on Section 905.1 of the Act, which in part prohibits discrimination against employees in promotion due to non-merit factors. Section 105.11 of the Rules of the Civil Service Commission provides for hearings in the case of persons allegedly discriminated against under Section 905.1. Since we do not find that the petitioner's action is based on an allegation that he has been discriminated against, we cannot hold that these provisions provide the petitioner with an adequate administrative reme-

dy. Indeed, we find that, rather than alleging discrimination, petitioner is alleging a systematic scheme of events which was tailored to and has in fact resulted in a total exclusion of all qualified applicants from competing for the positions in question. Thus, we hold that Section 905.1 is not intended to provide relief for the type of allegations which petitioner has made in his petition.

The final issue for discussion is the merits of the Commission's motion to dismiss. The Commission's argument is that Section 506 of the Act, 71 P.S. §741. 506, gives the Director of the Commission discretion in determining the job classifications for which it is necessary and desirable to establish and maintain eligibility lists. While the Commission may indeed possess a certain amount of discretion in this regard, its argument cannot overcome the mandatory provisions of Section 604 of the Act, 71 P.S. §741.604, which prohibits the successive provisional appointment of the same or different persons to the same position for more than six months in any twelve month period. *See Shapiro v. State Civil Service Commission*, 12 Pa. Commonwealth Ct. 121, 315 A.2d 324 (1974). Therefore, we must also overrule the Commission's motion to dismiss in this regard.

Accordingly, we will enter the following

ORDER

AND Now, March 16, 1978, the preliminary objections of the Pennsylvania Liquor Control Board and the Pennsylvania State Civil Service Commission, as well as the Pennsylvania State Civil Service Commission's motion to dismiss, 2314 C.D. 1976, are hereby dismissed and respondents are ordered to file answers to the petitions of Frank R. Magnelli within 30 days of the date hereof.