Frank R. Magnelli, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Respondent.

598

Argued September 14, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and CRAIG, sitting as a panel of three.

*Walter K. Swartzkopf, Jr.*, for petitioner.

*Kenneth W. Makowski*, Acting Chief Counsel, for respondent.

OPINION BY JUDGE CRUMLISH, JR., December 11, 1979:

Frank R. Magnelli appeals from an adjudication and order of the State Civil Service Commission affirming his dismissal from the Pennsylvania Liquor Control Board (Board) where he had been employed as an Enforcement Officer III.

The reasons given by the Board for Magnelli's dismissal are set forth in his letter of discharge:

Gross misconduct as employee of the Board by means of:

(1) Insubordination.

(2) Misconduct amounting to violation of law, rules or lawful departmental orders.

(3) Scandalous or disgraceful conduct while on or off duty which may bring the service of the Commonwealth into disrepute.

The letter detailed three provisions of the Handbook for Enforcement Officers which Magnelli had allegedly violated: (1) engaging in the gainful practice of law while employed by the Board;[1] (2) utilizing his sick leave on five separate occasions to engage in the practice of law;[2] and (3) bringing malicious, unsubstantiated charges in bad faith against the Chairman of the Board accusing him of a breach of his official duty and a violation of the Pennsylvania Crimes Code.[3]

Magnelli, although admitting he abused his sick leave privilege for the purpose of practicing law, con-

_____

[1] In violation of instructions contained at Page A-4 of the Handbook which provides:

All officers are employed on a full time basis and are subject to duty at all hours of the day and night, seven days a week. Therefore, any other business, occupation or employment of a gainful nature is prohibited, even if on a part-time basis.

Also, Page A-9 of the Handbook lists the following example of behavior constituting grounds for disciplinary action:

13. Engagement in any other business occupation or employment for gain.

[2] In violation of the Handbook rules at Page A-9 which list as grounds for disciplinary action, the following prohibited conduct:

21. Personal conduct, while on or off duty, which may tend to bring the services of the Bureau, Board or Commonwealth into disrepute.

22. Falsification, oral or written, of reports, records or communications by commission, omission, deception or fraud, alone or in collusion with others.

[3] In violation of Handbook rules found at Page A-9 which contains the following example of grounds for disciplinary action:

26. Any adverse criticism of Bureau or Board policies, hearing examiners, deputies, attorneys, other enforcement officers, supervisory personnel, local authorities, other agencies or officials or the Courts except in writing to the office of the Director, through channels.

tends that the real reason for his dismissal had nothing at all to do with practicing law or abusing sick leave, but rather a personal vendetta of the Board against him resulting from a letter he wrote to the Justice Department alleging that the Chairman of the Board failed to properly execute his duties in connection with the approval of a liquor license. Thus, he contends that his discharge was discriminatory and was based solely on non-merit factors, an impermissible basis for discharge under Section 905.1 of the Civil Service Act.[4] In view of the excellent work record which he maintained over an 18-year period while in the employ of the Board, Magnelli contends that the punishment given him by the Board was too harsh and a more appropriate penalty would have been the issuance of a warning, or at most a suspension.

On an appeal from an adjudication by the State Civil Service Commission, our scope of review is limited to a determination of whether or not the constitutional rights of the appellant have been violated, an error of law has been committed, or a necessary finding of fact was unsupported by substantial evidence. Hence, it is our duty to examine the record for the purpose of determining whether or not the Commission exercised reasonable discretion in rendering its decision and we will not weigh the evidence and substitute our judgment for that of the Commission. *Philadelphia County Board of Assistance v. Cahan,* 24 Pa. Commonwealth Ct. 543, 358 A.2d 440 (1976).

While the thrust of Magnelli's argument is that he was discharged in retaliation for writing what he believed to be a confidential letter to the Attorney General questioning the propriety of a high-level superior's conduct in a particular matter, this is not one of the grounds for discharge listed in the Commis-

---

[4] Act of August 5, 1941, P.L. 752, *as amended,* added by the Act of August 27, 1963, 71 P.S. §741.905a.

sion's adjudication. The subsequent investigation which his letter triggered, although highly unusual in nature, is not now before this Court and our inquiry is focused upon those charges which the Commission expressly found to constitute "just cause" for dismissal[5] in its affirmance of Magnelli's dismissal, to wit: (1) that he engaged in gainful employment aside from his position with the Board, which is expressly prohibited in the Handbook for Enforcement Officers; and (2) had used his sick leave to engage in the proscribed outside employment. The narrow issue confronting us is thus whether the record supports the Commission's adjudication that Magnelli was properly removed from his position with the Board for the aforementioned reasons.

The fundamental controlling premise underlying employment with the classified service is, as the Civil Service Act instructs, that the merit concept prevails. Speaking to this concept in civil service employment, Judge MENCER wrote for this Court in *Department of Transportation v. Desikachak*, 22 Pa. Commonwealth Ct. 507, 508-09, 349 A.2d 796, 797 (1976), that the "concept requires 'personnel actions' of the Commonwealth to be based upon merit criteria relevant to the proper execution of the employee's duties. The criteria must be job-related and in some logical and rational manner touch upon competency and ability."

Our examination of the record leads us to but one conclusion, viz: that the Commission properly exercised its functions in the administrative framework and must be affirmed. Clearly, the grounds for removal proffered by the Commission and admitted by Magnelli are sufficient to constitute "just cause" under Section 807 of the Act. Undoubtedly, the Commission's

---

[5] Section 807 of the Civil Service Act provides that "[n]o regular employe in the classified service shall be removed except for just cause." 71 P.S. §741.807.

findings that Magnelli engaged in the outside practice of employment and abused his sick leave privilege to do so are job-related and definitely touch upon his competency and ability. As such, they represent serious misconduct sufficient to support the Commission's order.

Accordingly, we

ORDER

AND Now, this 11th day of December, 1979, the order of the State Civil Service Commission dated August 24, 1978, dismissing the appeal of Frank R. Magnelli from his removal as Enforcement Officer III is hereby affirmed.