Frank R. Magnelli, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Civil Service Commission and Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Respondents.

Argued June 2, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR. and WILLIAMS, JR., sitting as a panel of three.

*Walter K. Swartzkopf, Jr.,* for petitioner.

*Barbara G. Raup,* Assistant Attorney General, with her *Harry Bowytz,* Chief Counsel, for respondent, Pennsylvania State Civil Service Commission.

*David Shotel,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel, for respondent, Pennsylvania Liquor Control Board.

OPINION BY JUDGE WILLIAMS, JR., December 22, 1980:

In 1976, petitioner Frank R. Magnelli filed in this Court an original action in mandamus, naming as respondents the State Civil Service Commission (Commission) and the Pennsylvania Liquor Control Board (LCB). At the time of bringing the action the petitioner was employed by LCB as an Enforcement Officer III.

The petitioner's central allegation is that certain other persons holding higher level positions as Enforcement Officers with LCB were promoted to those positions without examinations as required by the Civil Service Act.[1] The injury complained of by the petitioner is that, as a result of the allegedly unlawful promotions, qualified persons such as himself have been denied fair consideration for promotion to

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.1 *et seq.*

those higher positions. Indeed, the petitioner alleges that LCB has a systematic scheme tailored to exclude qualified applicants from competing for the positions in question. The relief sought is the removal of one particular person from one of the positions and the holding of examinations for three positions.

In January 1977, the Commission and LCB filed preliminary objections to the action; in addition, the Commission filed a motion to dismiss. This Court overruled the objections and the motion.[2]

This case is instantly before us on a motion for summary judgment filed by the petitioner. In contesting that motion the respondents answer first that there are additional facts "which bear upon the questions raised by petitioner." By that we assume the respondents mean there exist genuine issues as to material facts, thus precluding summary judgment in petitioner's favor.[3]

However, more critical to this case are the facts underlying the respondents' second argument: on August 29, 1977, the petitioner was discharged from employment with the LCB on charges of misconduct. That dismissal was upheld by the Commission upon a finding that the petitioner had violated rules by engaging in outside employment and by using his sick leave to practice law. That order of the Commission was affirmed by this Court in *Magnelli v. Pennsylvania Liquor Control Board,* 47 Pa. Commonwealth Ct. 597, 408 A.2d 904 (1979). Based on those facts,

---

[2] *Magnelli v. State Civil Service Commission,* 34 Pa. Commonwealth Ct. 335, 383 A.2d 561 (1978).

[3] For the granting of a motion for summary judgment, Pa. R.C.P. No. 1035 requires, *inter alia,* that there be no "genuine issue as to any material fact." It must be noted that for mandamus actions there is another summary judgment provision, contained in Pa. R.C.P. No. 1098, and referred to as a "Peremptory Judgment."

which developed during the progress of the present case, the respondents argue that the petitioner's instant action must be dismissed, as being moot for loss of standing. We agree.

As an employee of the LCB the petitioner certainly had standing at the outset of this case to challenge promotion practices within that agency, and to seek judicial relief from the adverse effect of those practices on him if they were demonstrated to be unlawful. However, once the petitioner was validly discharged from employment with LCB, then he no longer had a legal right to a job, much less a promotion. He no longer had in the agency's promotion system a stake which can receive legal recognition in this type of suit. In short, the petitioner's case became moot by his intervening loss of standing.

It is the settled law of this Commonwealth that if at any stage of the judicial process a case is rendered moot, it will be dismissed. *In Re Gross*, 476 Pa. 203, 382 A.2d 116 (1978); *Temple University v. Department of Public Welfare*, 30 Pa. Commonwealth Ct. 595, 374 A.2d 991 (1977); *Janet D. v. Carros*, 240 Pa. Superior Ct. 291, 362 A.2d 1060 (1976). The concept of mootness through an intervening loss of standing is effectively amplified in our Supreme Court's *In Re Gross* decision, which sets forth the following:

> The cases presenting mootness problems involve litigants who clearly had standing to sue at the outset of the litigation. The problems arise from events occurring after the lawsuit has gotten under way—changes in the facts or in the law—which allegedly deprive the litigant of the necessary stake in the outcome. The mootness doctrine requires that 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'

G. Gunther, Constitutional Law 1578 (9th ed. 1975).

476 Pa. at 209, 382 A.2d at 119. Having concluded that the action at bar has become moot, we must, on principle, dismiss it.

ORDER

AND Now, the 22nd day of December, 1980, the above-captioned Action in Mandamus is dismissed as being moot.