Commonwealth of Pennsylvania, Department of Education, Petitioner *v.* John E. Kosoloski, Respondent.

Argued September 18, 1981, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Jack E. Solomon,* Assistant Attorney General, with him, *Nancy K. Matlowski,* Acting Chief Counsel, for petitioner.

*Betty F. Perry,* with her, *John D. Killian, Killian & Gephart,* for respondent.

OPINION BY JUDGE CRAIG, November 12, 1981:

The Pennsylvania Department of Education seeks review of an order of the State Civil Service Commission which reinstated Dr. John E. Kosoloski in his position as Basic Education Administrator II.

The department had terminated Kosoloski on August 2, 1979, by letter pursuant to Sections 807 and 950 of the Civil Service Act,[1] averring as just cause for termination that Kosoloski, in his position as project director for a dissemination grant from the National Institute of Education (NIE), had committed knowing and gross misrepresentations which could have resulted in misuse of federal grant monies.

On March 13, 1979, Kosoloski had submitted a request for funds from the NIE grant to travel to a Missouri conference sponsored by the Kettering Foundation's Institute for Development of Education Activity (IDEA). His request had included his statement, "[i]t is imperative, as obligated by our agreement, that I as project director participate in this program."[2]

The acting director of the department's Bureau of Budget and Management approved the application

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.1 *et seq.*

[2] The complete paragraph reads:

As expressed in the N.I.E. Dissemination Grant, No. G-78-0200, the PDE is to share and participate in regional and national dissemination seminars and conferences. A

without question. The commission found that the request was approved on the department's assumption that the intended conference was the annual NIE Dissemination Conference. The commission further found that the department later learned that the annual NIE conference in fact was to be held in Minnesota. The Deputy Commissioner for Basic Education, when directed to appoint a representative to attend in Minnesota, became aware of Kosoloski's travel request; on July 11, 1979, he informed Kosoloski that he believed the Missouri conference did not constitute a proper use of NIE funds.

The deputy commissioner ordered Kosoloski to cancel his plans to attend the Missouri conference and to cease signing disbursements under the NIE grant. Kosoloski complied, and returned the advance money he had received. Thereafter, Kosoloski received the termination notice.

After a hearing on Kosoloski's appeal, the commission ordered him to be reinstated without back pay. The commission concluded that the statement made by Kosoloski in his travel request represented his opinion that the Missouri program was of the type sanctioned by the NIE, thereby characterizing the controversy over this statement as a disagreement in judgment rather than the product of a knowing and gross misrepresentation.[3]

---

regional program for administrators of programs will be conducted in Columbia and Jefferson City, Missouri from July 15 to 21. It is imperative as obligated by our agreement, that I as project director participate in this program. The central theme of the conference will be 'Coping with the Issues and Future Problems.'

[3] In reviewing the commission's findings, we must examine the record to determine whether the commission exercised reasonable discretion and whether there was substantial evidence supporting the factual findings. *Magnelli v. Pennsylvania Liquor Control Board*, 47 Pa. Commonwealth Ct. 597, 408 A.2d 904 (1979).

The department contends that Kosoloski deliberately falsified his request for funding, leading his superiors to believe that the Missouri conference was the NIE conference. The commission's finding, that the department officials apparently made their own assumption on the point, is supported by record testimony that Kosoloski did not know of the Minnesota conference at the time he submitted his travel request, and the absence of evidence that Kosoloski ever stated that he was attending the NIE Conference.

Citing the word "imperative" in Kosoloski's statement, the department asserts that Kosoloski intended to persuade his superiors that the agreement with the NIE required his attendance at this particular conference. Kosoloski testified that he used the words "imperative" and "obligated" to "emphasize a bureaucratic methodology to attract attention," which he claimed was customary within the department.[4]

The commission, as factfinder, was entitled to accept Kosoloski's testimony as credible. We agree that the commission correctly interpreted the written request as an expression of Kosoloski's personal opinion, and not a misrepresentation of fact.

Accordingly, we affirm the order of the State Civil Service Commission reinstating Dr. John E. Kosoloski in his position as Basic Education Administrator II, without back pay.

## ORDER

Now, November 12, 1981, the order of the State Civil Service Commission, in Appeal No. 2880, is hereby affirmed.

---

[4] Kosoloski had explained to the deputy commissioner his impression that the Missouri conference would be an opportunity to disseminate information about Pennsylvania's educational programs, an activity consistent with the NIE Dissemination Grant.