James L. Kealy, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Respondent.

478

Argued January 28, 1985, before Judge Colins, and Senior Judges Barbieri and Kalish, sitting as a panel of three.

*Henry F. Coyne,* for petitioner.

*Eileen S. Maunus,* Assistant Counsel, for respondent.

Opinion by Senior Judge Barbieri, July 19, 1985:

James L. Kealy appeals here an order of the State Civil Service Commission (Commission) which dismissed his appeal and sustained the personnel action taken by the Pennsylvania Liquor Control Board (LCB) with respect to him. That personnel action denied his request for transfer to the Kulpmont store and promotion to General Manager.

The pertinent facts of this case are as follows. Kealy commenced his full-time employment with the LCB in March of 1974 as a Liquor Store Clerk I in Montour County. As his residence was located in Northumberland County, since 1975 he has been requesting a transfer to a store in Northumberland County. In December of 1978, Kealy was promoted to Liquor Store Clerk II, Assistant Manager. On October 11, 1982, he took the Civil Service promotion examination for the position of Liquor Store Manager 1-A, pursuant to Commission Announcement No. 237-82. At that time, he duly indicated his availability to work in Northumberland County.

When the LCB requested a certification list from the Commission for a General Manager vacancy at its Kulpmont, Northumberland County store, according to prior LCB policy, it requested that the list contain only the names of candidates who were currently employed in Northumberland County.[1] Therefore, despite scoring at the top of the promotion examination, Kealy was excluded from the certification list for the Kulpmont vacancy solely by virtue of his employment outside of Northumberland County. On February 2, 1983, he specifically requested a transfer to the Kulpmont store along with a promotion to the position of General Manager. This request was denied by the LCB on or about March 25, 1983, in that the LCB had decided to fill the Kulpmont vacancy by promoting a county-of-vacancy employe without examination.[2] Kealy filed an appeal with the Commis-

---

[1] Testimony presented at the September 13, 1983 Commission hearing indicates that this practice is no longer followed. N.T. (9/13/83) 61. There is no mention in the LCB's brief, however, that it has abandoned this policy.

[2] The position of General Manager at the Kulpmont store was filled by promoting a Liquor Store Clerk I who worked in Northumberland County to that position after the only person on the intra-county certification list declined the promotion. We note, how-

sion on April 12, 1983 and a hearing on that appeal was held on September 13, 1983. On February 23, 1984, the Commission issued an adjudication in which it dismissed Kealy's appeal and sustained the action of the LCB which denied his request for transfer and promotion. Specifically, the Commission found that the LCB's policy of favoring county-of-vacancy employees for promotions did not violate Section 905.1 of the Civil Service Act (Act)[3] nor did the LCB's promotion of a county-of-vacancy employe without examination violate Section 501 of the Act.[4] A timely petition for review was filed with this Court.

In this appeal, Kealy contends that the LCB policy of giving preference to county-of-vacancy employees for promotions discriminates against out-of-county employees in violation of Section 905.1 in that it bases personnel decisions on non-merit factors. We initially note that in discrimination cases under Section 905.1, the civil service employe bears the burden of proof of showing that the challenged personnel actions of the state agency were motivated by non-merit factors. *Snipas v. Department of Public Welfare,* 46 Pa. Commonwealth Ct. 196, 405 A.2d 1366 (1979). Where the employe has failed to prevail before the Commission on his or her discrimination claim, as Kealy failed to do so here, our scope of review of the Commission's adjudication is limited to

ever, that Kealy's test results from the promotion test for Liquor Store General Manager I-A placed him at the top of the eligible list for Northumberland County, tied with one other employe. As he was one of the two highest qualified available candidates based on the test results, it cannot be presumed that Kealy would have received the promotion had his name been on the certified list, in that the identity of the other employe who tied with him is not in the record. We may not assume that the county-of-vacancy employe who declined the promotion was at the top of the list.

[3] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.905a.
[4] 71 P.S. §741.501.

determining whether the employe's constitutional rights were violated, an error of law committed, or whether the Commission has disregarded any competent evidence. *Wagner v. Department of Transportation*, 76 Pa. Commonwealth Ct. 78, 463 A.2d 492 (1983); *Quarles v. Department of Transportation*, 61 Pa. Commonwealth Ct. 572, 434 A.2d 864 (1981).

There is no dispute regarding the essential facts. The LCB concedes that Kealy was not considered for transfer and promotion to the Kulpmont vacancy by virtue of its intra-county preference promotion policy. The LCB requested an intra-county certification list from the Commission and that list contained the name of only one person who subsequently declined the promotion. Rather than requesting a new list, the LCB opted to promote a county-of-vacancy employee without examination pursuant to its policy of promoting from outside of the county-of-vacancy only where there are no qualified in-county employees. The LCB argues that this policy fosters career development and strengthens employe morale. The Commission concluded that this policy was valid under Section 601 of the Act[5] and did not violate Section 905.1's prohibition against discrimination by basing personnel actions on non-merit factors. We disagree with the Commission's conclusions.

This Court has long recognized that, under the Act, personnel actions of the Commonwealth must be based upon merit criteria which are relevant to the proper execution of the employee's duties, are job re-

---

[5] 71 P.S. §741.601. This provision requires the director to provide the appointing authority (here the LCB) with a certified list of three eligible employes who are willing to accept promotion and are the highest on the promotion list. The certification list furnished to the LCB with regard to the Kulpmont store contained only one name in apparent violation of Section 601. However, our resolution of Kealy's discrimination claim precludes our addressing this issue.

lated, and which touch in some logical and rational manner upon competency and ability. *Magnelli v. Pennsylvania Liquor Control Board*, 47 Pa. Commonwealth Ct. 597, 408 A.2d 904 (1979), *cert. denied*, 449 U.S. 993 (1980); *Department of Transportation v. Desikachar*, 22 Pa. Commonwealth Ct. 507, 349 A.2d 796 (1976). This stated LCB policy of providing county-of-vacancy employes with an absolute preference in promotions is clearly not job related nor does it have any relation to either competency or ability. This policy effectively excludes from promotion consideration a considerable number of qualified candidates for no reason other than their being currently assigned to a county other than the county in which the vacancy exists. Such a policy flies in the face of the intent of the Act which is that the concept of merit prevails in the classified service. *See Cotter v. State Civil Service Commission*, 13 Pa. Commonwealth Ct. 49, 318 A.2d 390 (1974). The effect of this LCB policy is to create a favored class of the few at the expense of the many based solely upon the arbitrary criteria of where a particular employee's job happens to be located. This is clearly a non-merit factor which effectively precluded Kealy from being considered for promotion to General Manager of the Kulpmont store and violated Section 905.1's prohibition against discrimination. The Commission's conclusion that the LCB did not discriminate against Kealy when it refused to consider him for promotion to the position of General Manager of the Kulpmont store was error and its order which sustained the personnel action of the LCB must be reversed.

Having found that the LCB discriminated against Kealy by virtue of its county-of-vacancy promotion preference policy, we must remand this matter to the Commission for such proceedings on Kealy's application as are proper and consistent with this opinion.

ORDER

Now, July 19, 1985, the order of the State Civil Service Commission at Appeal No. 4601, dated February 23, 1984, is hereby reversed and the matter is remanded to the State Civil Service Commission for further proceedings consistent with this opinion.

Judge WILLIAMS, JR., did not participate in the decision in this case.