IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Sean M. Donahue,<br>          Petitioner | : <br> : <br> : |
| v. | :  No. 296 C.D. 2020<br> :  SUBMITTED: January 29, 2021 |
| State Civil Service Commission<br>(Department of Human Services),<br>          Respondent | : <br> : <br> : |

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                       FILED: April 22, 2021

Sean M. Donahue petitions for review, *pro se*, of the February 21, 2020 Order of the State Civil Service Commission (Commission) dismissing his appeal and sustaining the action of the Department of Human Services (DHS) in not selecting him for the position of Income Maintenance Caseworker in DHS's Lackawanna County Assistance Office. We affirm the Commission's Order.

## **Background**

DHS posted a job position for an Income Maintenance Caseworker from April 6, 2018 through April 16, 2018 (April 2018 position). The civil service list for the April 2018 position was closed without the position being filled.

DHS posted a job position for an Income Maintenance Caseworker from July 12, 2018 through July 27, 2018 (July 2018 position). The posting for the July 2018 position contained a hiring preference for eligible candidates who reside in Lackawanna County.[1] The July 2018 position was filled externally using both a civil

---

[1] The July 2018 job posting stated in relevant part:

service list and a veterans list. Both lists DHS used to fill the July 2018 position included only candidates who reside in Lackawanna County.

Mr. Donahue applied for the July 2018 position. Mr. Donahue's name was not on either the civil service or the veterans list for the July 2018 position because he does not reside in Lackawanna County. There was only one veteran on both the civil service and veterans lists for that position, but he later withdrew from consideration. After the veteran withdrew from consideration, DHS selected a non-veteran from the civil service list. The selected candidate resides in Lackawanna County.

On August 31, 2018, Mr. Donahue filed an appeal with the Commission, challenging his non-appointment to the July 2018 position. In his appeal, Mr. Donahue averred, "I wasn't hired so my veterans preference wasn't honored." N.T., 1/24/19, Ex. A. The Commission later expanded the scope of Mr. Donahue's appeal to also include his non-selection for appointment to the April 2018 position. *See* Record (R.) Item Nos. 8, 9; Comm'n Adjudication, 2/21/20, at 5 n.1.[2]

The Commission held an evidentiary hearing on January 24, 2019. Joseph Tomaselli, Executive Director of DHS's Lackawanna County Assistance Office, testified on DHS's behalf. Mr. Donahue, appearing *pro se*, testified on his own

---

> Hiring preference for this vacancy will be given to candidates who live within Lackawanna County. If no eligible candidates who live within Lackawanna County apply for this position[,] candidates who reside in other counties may be considered.

Notes of Testimony (N.T.), 1/24/19, Ex. AA-1.

[2] DHS objected to expanding the scope of the appeal to include the April 2018 position at the January 24, 2019 hearing and in a subsequent written motion filed with the Commission. *See* R. Item No. 11. The Commission, however, denied DHS's motion. Comm'n Adjudication, 2/21/20, at 5 n.1. DHS does not challenge that ruling on appeal.

behalf and also presented the testimony of Janet Norton, DHS's Field Human Resources Officer.

At the conclusion of Mr. Donahue's case-in-chief, DHS orally moved to dismiss the appeal, arguing that Mr. Donahue had failed to satisfy his burden of proving a *prima facie* case of discrimination or a violation of Section 7104(b) of the statute commonly known as the Veterans' Preference Act, 51 Pa. C.S. § 7104(b).[3] N.T., 1/24/19, at 102-03. The Commission declined to rule on the motion at that time, stating that it would rule on the motion in its subsequent written adjudication, after the parties had submitted supporting briefs. *Id.* at 103-04. Following the hearing, both parties filed post-hearing briefs with the Commission.

On February 21, 2020, the Commission dismissed Mr. Donahue's appeal, concluding that he failed to meet his burden of proving discrimination in violation of Section 905.1 of the former Civil Service Act.[4] First, the Commission rejected

---

[3] Section 7104(b) of the Veterans' Preference Act provides:

*Whenever a veteran's name appears on an eligible list certified [by the Commission] or provided as the result of a civil service examination, the appointing authority in making an appointment to a public position shall give preference to the veteran*, notwithstanding the veteran's standing on the eligible list if the appointment is otherwise made in accordance with 71 Pa.[]C.S. § 2402 (relating to selection and appointment of eligibles). A veteran may not begin or hold the public position until proof of discharge papers, separation documents or statement of service are provided to the appointing authority.

51 Pa. C.S. § 7104(b) (emphasis added).

[4] Act of August 5, 1941, P.L. 752, *as amended*, added by the Act of August 27, 1963, P.L. 1257, *formerly* 71 P.S. § 741.905a. Section 905.1 of the former Civil Service Act provided:

No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or

---

Mr. Donahue's assertion that DHS closed the civil service list for the April 2018 position and "re-posted" it in July 2018 with a county residency requirement to avoid hiring him. The Commission determined:

> [Mr. Donahue] suggested the April 2018 civil service list was closed to avoid hiring him for the April 2018 position. Later, [he] insinuated the April 2018 civil service list was closed to avoid hiring him for the July 2018 position. *There is no credible evidence to support either of these claims. Specifically, other than [Mr. Donahue's] own speculation, there is no evidence the April 2018 position was never filled to avoid having to consider [him] as a candidate, nor is there any evidence the April 2018 civil service list was closed to avoid applying veterans' preference when selecting the candidate for the July 2018 position.*

Comm'n Adjudication, 2/21/20, at 12 (internal citations omitted) (emphasis added).

Second, the Commission found that Mr. Donahue failed to establish that DHS violated the Veterans' Preference Act by not hiring him for the July 2018 position. The Commission concluded:

> Since [Mr. Donahue] is not a Lackawanna County resident, he was not eligible for [the July 2018] position, and thus, his name did not appear on the lists used to fill the position. There was one veteran on the civil service and veterans lists, but he withdrew from consideration.

religious opinions or affiliations[,] because of labor union affiliations[,] or because of race, national origin or other non-merit factors.

*Formerly* 71 P.S. § 741.905a. Section 951(b) provided that any person who is aggrieved by an alleged violation of Section 905.1 may appeal in writing to the Commission within 20 calendar days of the alleged violation. *Formerly* 71 P.S. § 741.951(b).

The General Assembly repealed the Civil Service Act by the Act of June 28, 2018, P.L. 460, which became effective on March 28, 2019. The provisions of the former Civil Service Act are now found in Title 71, Part III, of the Pennsylvania Consolidated Statutes, commonly known as the Civil Service Reform Act. Because Mr. Donahue challenges hiring decisions that were made before the Civil Service Act's repeal date, we apply the former Civil Service Act's provisions to this case.

Therefore, a non-veteran Lackawanna County resident was selected from the civil service list. Since [DHS] considered the veteran who appeared on the lists, it complied with veterans' preference. Veterans' preference does not require the appointing authority to change the hiring preferences when a veterans list for a hiring action has been exhausted.

*Id.* at 13 (internal citations omitted).

Finally, the Commission rejected Mr. Donahue's contention that DHS used "county preference" as a pretext to avoid hiring a veteran for the July 2018 position, finding "*no credible evidence* that [DHS] imposed a residency hiring preference to avoid selecting a veteran since a veteran was considered for the position." *Id.* (emphasis added). In concluding that Mr. Donahue failed to meet his burden of proving a *prima facie* case of discrimination, the Commission stated:

> [W]e find [that DHS] provided a legitimate, non-discriminatory explanation for not selecting [Mr. Donahue] for appointment to the position of Income Maintenance Caseworker. *Both [Mr.] Tomaselli and [Ms.] Norton credibly testified [that] only Lackawanna County residents were eligible for the position. Thus, [Mr. Donahue] was not eligible for the position because he does not reside in Lackawanna County. [Mr. Donahue] provided no credible evidence that [DHS's] merit-related reason was pretextual.* Indeed, [Mr.] Tomaselli credibly explained the reasons for the residency hiring preference. Therefore, we find [that Mr. Donahue] has failed to establish procedural discrimination.

*Id.* at 15 (internal citations omitted) (emphasis added). Mr. Donahue now petitions this Court for review.[5]

---

[5] Our review of the Commission's decision is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, or whether the Commission's factual findings are supported by substantial evidence. *Williams v. State Civ. Serv. Comm'n*, 811 A.2d 1090, 1092 n.1 (Pa. Cmwlth. 2002).

## Analysis

In his Petition for Review, Mr. Donahue requests that DHS "be ordered to cease and de[s]ist applying 'county preference' before veterans['] preference and that [DHS] not be allowed to exclude veterans who live outside of Lackawanna County from consideration for employment within its Lackawanna County offices." Pet. for Rev. ¶ 12. In essence, Mr. Donahue argues that DHS's use of county eligibility lists for state civil service jobs amounts to discrimination against veterans in violation of Section 905.1 of the former Civil Service Act. Mr. Donahue also asserts that by prioritizing county of residence over veterans' preference in hiring, DHS unlawfully discriminated against him based on his "birthplace" of Luzerne County. Donahue Br. at 38.

An individual who appeals his non-selection for appointment to a position in the civil service may do so only on the basis of discrimination. *Price v. Luzerne/Wyoming Cntys. Area Agency on Aging*, 672 A.2d 409, 413 (Pa. Cmwlth. 1996). There are two categories of discrimination under the former Civil Service Act: "traditional discrimination" and "procedural discrimination." *Daily v. State Civ. Serv. Comm'n*, 30 A.3d 1235, 1239 (Pa. Cmwlth. 2011). Traditional discrimination is based on factors such as race, sex, national origin, and other non-merit factors. *Id.* Procedural discrimination is based on procedural violations of the former Civil Service Act and its attendant regulations. *Id.*

In this case, Mr. Donahue alleges traditional discrimination, because he claims that DHS discriminated against him based on non-merit factors, i.e., his status as a veteran and his county of residence.[6] When an appellant claims discrimination under

---

[6] In its decision, the Commission characterized Mr. Donahue's appeal as a "procedural discrimination" claim, rather than a "traditional discrimination" claim. Comm'n Adjudication,

6

Section 905.1 of the former Civil Service Act, he bears the burden of demonstrating a *prima facie* case of discrimination. *See Price*, 672 A.2d at 413; 4 Pa. Code § 105.16(a). To establish a *prima facie* case of traditional discrimination, the appellant must produce sufficient evidence that, if believed, indicates that it is more likely than not that discrimination occurred. *Moore v. State Civ. Serv. Comm'n (Dep't of Corr.)*, 922 A.2d 80, 85 (Pa. Cmwlth. 2007). General and conclusory allegations are inadequate; rather, the appellant must produce affirmative, factual support for the alleged discrimination. *Allen v. State Civ. Serv. Comm'n*, 992 A.2d 924, 929 (Pa. Cmwlth. 2010).

Mr. Donahue first argues that DHS improperly used a "county preference" policy to exempt itself from the requirements of the Veterans' Preference Act, thereby "discriminat[ing] against veterans for non-merit factors." Pet. for Rev. ¶ 6. We disagree.

The plain language of Section 7104(b) of the Veterans' Preference Act states that veterans' preference applies "[w]henever a veteran's name *appears on an eligible list certified [by the Commission]*." 51 Pa. C.S. § 7104(b) (emphasis added); *see also Hous. Auth. of Cnty. of Chester v. State Civ. Serv. Comm'n*, 730 A.2d 935, 947 (Pa. 1999) ("[M]andatory veterans' preference [must] be afforded to any veteran who is applying for a civil service position and *who is on an [e]ligible [l]ist* due to his performance on the civil service examination.") (emphasis added); *Brickhouse v. Spring-Ford Area Sch. Dist.*, 656 A.2d 483, 485 (Pa. 1995) (noting that if the veteran applying for appointment to a position "has the necessary qualifications *and is*

---

2/21/20, at 11, 15. Regardless of which type of discrimination is actually alleged, however, Mr. Donahue had the initial burden of establishing a *prima facie* case of discrimination, which he did not do. *See Price*, 672 A.2d at 413; 4 Pa. Code § 105.16(a).

*eligible for appointment*, he must be given 'preference' under the terms of the [Veterans' Preference A]ct.") (emphasis added).

Here, the posting for the July 2018 position contained a hiring preference for residents of Lackawanna County. The lists provided to DHS and certified by the Commission contained only the names of eligible candidates who reside in Lackawanna County. It is undisputed that Mr. Donahue's name was not on either the civil service list or the veterans list for the July 2018 position because he is not a resident of Lackawanna County. Veterans' preference applies when a candidate is selected from *a certified list of eligibles containing the name of an eligible veteran*. *See* 51 Pa. C.S. § 7104(b). Because Mr. Donahue's name did not appear on either list of eligibles used to fill the July 2018 position, Mr. Donahue failed to establish that DHS violated the Veterans' Preference Act by not selecting him for the position. *See Hous. Auth.*, 730 A.2d at 943 (explaining that the veterans' preference policy outlined in the Commission's management directive "reflect[s] the will of the legislature that veterans be given mandatory preference in appointment *when their names appear together with those of non-veterans on a list of eligibles*") (emphasis added).

With regard to the April 2018 position, Mr. Donahue baldly asserts that "[as] soon as [DHS] saw [his] name at the top of a civil service hiring list, it immediately canceled the job announcement and created a new announcement that imposed a new criteria that [it] used to target [Mr. Donahue] from exclusion for employment . . . ." Donahue Reply Br. at 16-17. However, the Commission rejected this claim, finding "no credible evidence" in the record that DHS closed the civil service list for the April 2018 position to avoid hiring him. Comm'n Adjudication, 2/21/20, at 12. More importantly, although Mr. Donahue's name appeared on one of the civil

8

service lists for the April 2018 position, *see* N.T., 1/24/19, Ex. AP-1, the record contains no evidence that Mr. Donahue actually applied for that position.

Next, Mr. Donahue argues that DHS's use of county hiring preferences is discriminatory because it excludes eligible candidates based solely on their county of residence. Donahue Br. at 36. According to Mr. Donahue, county preference is merely an internal "state agency policy" that is not authorized by statute. Donahue Br. at 3, 6, 11-13; *see also* R. Item No. 3 (wherein Mr. Donahue argued before the Commission that "county preference" is "an illegal non-statutory wheel that has been repeatedly reinvented by state agencies to attempt to game the hiring system based on non-merit factors"). We disagree.

Contrary to Mr. Donahue's contention, county residency restrictions for state civil service jobs were expressly authorized by Section 501 of the former Civil Service Act, which stated: "Persons applying for positions in the classified service *shall be* citizens of the United States and residents of the Commonwealth *and where applicable [of] the administrative district*." *Formerly* 71 P.S. §741.501 (emphasis added). In interpreting this provision, this Court has stated that "Section 501 [of the former Civil Service Act] grant[ed] to the Commission the discretion to establish *the requirement that appointees be residents of the district wherein the appointment is made*." *Humphreys v. State Civ. Serv. Comm'n*, 301 A.2d 400, 404 (Pa. Cmwlth. 1973) (*en banc*) (emphasis added); *see also Cambria Cnty. Mental Health/Mental Retardation v. State Civ. Serv. Comm'n (Cotton)*, 756 A.2d 103, 107 (Pa. Cmwlth. 2000) (recognizing that the Commission's manual provides that "an appointing authority, *in appointing eligible[] [candidates] from a certification [list] giving preference to county residents*, must appoint available residents [of the county] before appointing non-residents") (emphasis added).

9

The Commission's duly promulgated regulations also expressly authorize the use of county residency requirements, as follows:

> *The Director [of the Commission], upon submission by an appointing authority of satisfactory justification, may limit certification for appointment or promotion to eligibles who are residents of a county or other administrative district.* The limitations will not be imposed for a class for which residence in this Commonwealth has been waived.

4 Pa. Code § 95.2(b)(2) (emphasis added); *see Buffalo Twp. v. Jones*, 778 A.2d 1269, 1276 n.8 (Pa. Cmwlth. 2001) (stating that this Court must "defer to [an] agency's interpretation of [a] statute and its own regulations").

These provisions do not conflict with the Veterans' Preference Act. Section 501 of the former Civil Service Act and its regulations permit an appointing authority to restrict the certified list of eligibles for a job position to a particular administrative district when requested by the appointing authority. *See formerly* 71 P.S. § 741.501; 4 Pa. Code § 95.2(b)(2). Veterans' preference applies when a veteran's name appears *with the names of non-veterans on the same list of eligibles*. *See* 51 Pa. C.S. § 7104(b). Where, as here, a veteran does not appear on a certified list of eligibles because he is not a resident of the requisite administrative district, veterans' preference does not apply. Therefore, the Commission correctly concluded that "[v]eterans' preference does not preclude the appointing authority from imposing a residency hiring preference." Comm'n Adjudication, 2/21/20, at 13.[7]

---

[7] We also conclude that Mr. Donahue's reliance on *Kealy v. Pennsylvania Liquor Control Board*, 496 A.2d 80 (Pa. Cmwlth. 1985), is misplaced. In *Kealy*, the appellant resided in the county where the state job vacancy existed, but he worked at a state liquor store in a different county. *Id.* at 81. The appellant requested a transfer to the store in his county of residence and a promotion. *Id.* On appeal, we held that the Pennsylvania Liquor Control Board (LCB) discriminated against the appellant by applying a "county-of-vacancy" promotion preference in violation of Section

Finally, Mr. Donahue asserts that the Commission erred in crediting Mr. Tomaselli's testimony as to why DHS imposes a county residency requirement for certain job positions. Donahue Br. at 27-28. Mr. Tomaselli testified that it is "standard" practice for DHS to limit the candidates for positions in the Lackawanna County Assistance Office to qualified individuals who reside in Lackawanna County. N.T., 1/24/19, at 109; *see id.* at 114 (stating that there has "always been a county[-]preferred list for hiring within the [county assistance offices]"). Mr. Tomaselli explained that the job transition is often smoother when the hired candidate has knowledge of the community he or she is serving. *Id.* at 109. Mr. Tomaselli also testified that a person who resides within the county is more likely to show up at work in inclement weather, which increases the stability of the workforce. *Id.* Mr. Tomaselli further testified that imposing a county residency requirement reduces employee turnover, because employees who reside farther away often transfer to another position after they are trained. *Id.* at 109-10.

The Commission credited Mr. Tomaselli's testimony, finding that DHS "provided a legitimate, non-discriminatory explanation for not selecting [Mr. Donahue] for appointment to the position of Income Maintenance Caseworker."

---

905.1 of the former Civil Service Act. In reaching this conclusion, we explained that the "LCB['s] policy of *providing county-of-vacancy employe[e]s with an absolute preference in promotions* is clearly not job related nor does it have any relation to either competency or ability." *Id.* at 82 (emphasis added). We further stated that the LCB's county-of-vacancy promotion "policy flies in the face of the intent of the [former Civil Service] Act which is that the concept of merit prevails in the classified service." *Id.*

*Kealy*, however, did not involve or address the validity of a county-of-residence requirement for appointment to a civil service position, which, as discussed above, is authorized by both the former Civil Service Act and the Commission's regulations. Furthermore, as DHS noted in its post-hearing brief filed with the Commission, *Kealy* pre-dated the amendments to the regulation at 4 Pa. Code § 95.2 authorizing the use of county-of-residence requirements. R. Item No. 5 at 5 n.3.

11

Comm'n Adjudication, 2/21/20, at 15. Mr. Donahue presented no evidence at the hearing to refute this testimony. It is well settled that "[t]he Commission is the sole fact finder in civil service cases and has exclusive authority to assess witness credibility and to resolve evidentiary conflicts," and this Court "will not disturb the Commission's determinations regarding credibility or the weight of evidence." *Bosnjak v. State Civ. Serv. Comm'n*, 781 A.2d 1280, 1286 (Pa. Cmwlth. 2001). We conclude that the Commission's findings are supported by substantial evidence of record.[8]

## Conclusion

We conclude that Mr. Donahue failed to establish that DHS violated the Veterans' Preference Act or discriminated against him by not selecting him for either the April 2018 or the July 2018 position. There was no evidence that Mr. Donahue applied for the April 2018 position before it was closed. The July 2018 position was open to candidates from Lackawanna County only. Because Mr. Donahue is not a Lackawanna County resident, his name did not appear on the certified list of eligibles

---

[8] In his reply brief, Mr. Donahue also argues that the Commission erred in accepting Mr. Tomaselli's "expert" testimony regarding "cultural diversity, weather, . . . the ability of people to function in differing cultural and inclement weather environments based on their county of origin," and "the ability and/or inability of people to drive to work in the snow based on their county of origin." Donahue Reply Br. at 6; *see also* Donahue Br. at 29-30. We reject this claim. First, Mr. Tomaselli was neither offered nor accepted as an expert witness. Second, Mr. Donahue did not object to Mr. Tomaselli's testimony at that time of the hearing, so he has waived this claim.

Furthermore, in support of these assertions, Mr. Donahue appends to his brief a number of documents purportedly demonstrating the weather patterns and the racial and cultural composition of Lackawanna County. However, this Court cannot consider evidence on appeal that was not part of the record before the Commission. *See Pa. Tpk. Comm'n v. Unemployment Comp. Bd. of Rev.*, 991 A.2d 971, 974 (Pa. Cmwlth. 2009); *Pryor v. Workers' Comp. Appeal Bd. (Colin Serv. Sys.)*, 923 A.2d 1197, 1201 (Pa. Cmwlth. 2006); *see also* 2 Pa. C.S. § 704 ("The [appellate] court shall hear the appeal . . . on the record certified by the Commonwealth agency . . . ."). Therefore, we will not consider Mr. Donahue's extra-record evidence.

12

from which DHS selected a candidate. Mr. Donahue also presented no credible evidence that DHS imposed a county residency restriction to avoid hiring a veteran, as the record shows that DHS considered a veteran who resides in Lackawanna County for the July 2018 position. Finally, the use of county residency restrictions in hiring is authorized by the former Civil Service Act and the Commission's regulations. For these reasons, we conclude that Mr. Donahue failed to establish a *prima facie* case of discrimination. Accordingly, we affirm the Commission's Order.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue,               :
           Petitioner    :
                           :
       v.              :  No. 296 C.D. 2020
                           :
State Civil Service Commission  :
(Department of Human Services),  :
          Respondent   :

**PER CURIAM**

## O R D E R

AND NOW, this 22nd day of April, 2021, the Order of the State Civil Service Commission, dated February 21, 2020, is hereby AFFIRMED.