Nancy H. THOMPSON, Petitioner

v.

STATE CIVIL SERVICE COMMISSION (Beaver County Area Agency on Aging and Tina M. Fischer), Respondents.

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 2005.

Decided March 7, 2005.

---

M. Scot Curran, Washington, for petitioner.

Carl H. Hellerstedt, Jr., Pittsburgh, for respondents.

BEFORE: McGINLEY, Judge, FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Nancy H. Thompson (Thompson) petitions for review of the March 15, 2004, order of the State Civil Service Commission (Commission) dismissing Thompson's appeal of the decision of the Beaver County Area Agency on Aging (Agency) not to select Thompson for employment as a Community Health Nurse 1 with the Agency. We affirm.

The Agency posted a personnel vacancy notice for the position of Community Health Nurse 1 at Thompson's place of work, and the notice did not contain any indication that the position was subject to an age preference. Thompson, who was over sixty years old, submitted an application and supplement in response to the posting but did not indicate her age. Thompson also submitted a letter of interest requesting consideration for a transfer into the position, but, like her application, this letter did not request an age preference or otherwise indicate Thompson's age.[1] Thus, neither the administrator of the Agency nor Thompson's ultimate interviewer knew Thompson's age. Thompson was qualified for employment as a Community Health Nurse 1 with the Agency; however, *Thompson's name was not on the list of certified eligibles issued to the Agency by the Commission.*[2] (Commission's Findings of Fact, Nos. 5, 9, 19.)

---

1. Thompson appears to have applied for the Community Health Nurse 1 position both as a new appointment and as a transfer applicant.

2. Section 3 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.3, defines "eligible list" as "an employment list, a promotion list or a reemployment list"; an "employment list" is "a list of persons who have been found qualified by an entrance examination for appointment to a position in a particular class." The director is charged with establishing and maintaining eligible lists for the various classes of positions in the classified service as are necessary or desirable to meet the needs of the service. These "lists shall contain the names of those persons who have been found qualified for and have successfully passed the examination and shall be arranged in the order of final earned ratings." Section 506 of the Act, 71 P.S. 741.506. Thompson does not raise a challenge as to *why* she was not on the list of eligibles.

The Agency ultimately hired Tina M. Fischer (Fischer) for the Community Health Nurse 1 position. Thompson and Fischer had identical scores on the civil service test. Although Fischer was less than sixty years of age at the time, *Fischer's name was on the list of certified eligibles.* (Commission's Findings of Fact, Nos. 5, 7, 21.)

■ After being notified that she had not been selected for the position of Community Health Nurse 1, Thompson appealed her non-selection to the Commission, which dismissed Thompson's appeal and sustained the action of the Agency. Now, Thompson appeals to this court.[3]

■ Thompson first argues that the Agency's failure to select her for the Community Health Nurse 1 position was the result of its failure to give her the age preference to which she was entitled under the Department of Aging's statute and regulations. Section 2203–A of the Administrative Code of 1929[4] requires that, "[i]n filling vacancies authorized to the [Agency], the secretary shall assure that preference is given to persons sixty years of age or older." Likewise, Department of Aging

regulation, section 5.3 of Title 6 of the Pennsylvania Code (Code), states that "[i]n the selection of personnel to fill vacant positions in the [Agency], preference, *subject to this chapter,* shall be given to available qualified persons 60 years of age or older." 6 Pa.Code § 5.3. (Emphasis added). According to Thompson, the Agency's failure to apply the age preference constitutes discrimination *per se* under section 905.1 of the Civil Service Act (Act), added by the Act of August 27, 1963, P.L. 1257, 71 P.S. § 741.905a, which prohibits discrimination based on any non-merit factor. We disagree.

According to section 602 of the Act, "[i]f [a] vacant position is to be filled from an employment or promotion list, the appointing authority *shall select a person who is among the three highest ranking available persons on the certification of eligibles.*" 71 P.S. § 741.602. (Emphasis added). This process is referred to as the "rule of three."[5] Consistent with the Act, the Code sets out the procedures to be followed by the Agency regarding application of the age preference to hiring and transfers.[6] Specifically, the Code requires that

3. This court's scope of review of a decision by the Commission is limited to determining whether there has been a violation of constitutional rights, whether errors of law have been committed and whether necessary findings of fact are supported by substantial evidence. *Price v. Luzerne/Wyoming Counties Area Agency On Aging,* 672 A.2d 409 (Pa. Cmwlth.1996), *appeal denied,* 547 Pa. 720, 688 A.2d 174 (1997).

4. Act of April 29, 1929, P.L. 177, added by the Act of June 20, 1978, P.L. 477, *as amended,* 71 P.S. § 581–3(b).

5. The Code defines the "rule of three" as the "[s]election of an eligible person for appointment or promotion *from among the three highest ranking available eligibles on a Certification of Eligibles.* ..." 6 Pa.Code § 5.2. (Emphasis added.)

6. The Code defines "personnel selection" as "[t]he acquisition of full-time or part-time staff" and states that this "term includes appointment ... transfer ... or other method of placing a person in compensable status." 6 Pa.Code § 5.2. Thus, the procedures outlined in the Code would apply to the hiring for the Community Health Nurse 1 position as it regards Thompson's appointment and transfer applications. Section 705(c) of the Act, 71 P.S. § 741.705(c), requires that transfers and reassignments be accomplished in a manner prescribed in the rules of the commission, and 4 Pa.Code § 99.22 states that a transfer must be initiated by the appointing authority having jurisdiction over the position to which the transfer is sought and made upon a form the Director authorizes. According to 4 Pa. Code § 99.22, a transfer also requires the written consent of the employee and the present employer.

available qualified persons sixty years of age or older be identified *on Certifications of Eligibles* issued by the Commission for use by appointing authorities such as the Agency. Then, in order to receive preference, a person identified as being age sixty or older is placed among the three highest ranking, available eligibles in accordance with the rule of three. 6 Pa.Code § 5.4(1) & (2). In other words, the only candidates over the age of sixty who are identified as eligible for age preference and placed among the top three names on the list of eligibles are those *already* on the list.[7] *Id.* Thompson was over sixty; however, because she was not on the list of certified eligibles, she simply was not entitled to the age preference. Indeed, because, under the rule of three, the successful candidate must be selected from the top three names on the list of certified eligibles, Thompson was not eligible to be selected for the position. 71 P.S. § 741.602; 6 Pa.Code § 5.2. Because Thompson was not entitled to an age preference, we reject Thompson's contention that the Agency's failure to apply the age preference to her application constitutes discrimination.

■ Thompson also maintains that the Code imposes a general duty to ensure effective recruitment of those entitled to the age preference. Thus, she argues that the vacancy notice for the Community Health Nurse 1 position was defective because it did not include a statement that a preference would be given to applicants over sixty years of age, thereby alerting prospective candidates to point out the preference to which they were entitled at the time of the interview. However, while such a statement of age preference would be consistent with the general goals of the Code, it is not mandated by the Code, and, therefore, failure to include such a statement in the vacancy notice does not render it defective.[8] Thompson's argument really

7. There was one candidate on the list of eligibles who was over the age of sixty and was, therefore, entitled to an age preference. The Agency correctly applied the preference in this case; her name was marked with an "A," indicating the preference, and she was contacted about the position and sent an eligibility notice. However, the candidate decided that she was not interested in the position. (Decision of the Commission, Findings of Fact, Nos. 10–13.)

8. The Code imposes a general duty to "insure that effective recruitment programs are developed and implemented which will attract persons 60 years of age or older to service with the Department and area agencies on aging". 6 Pa.Code 5.7(a). However, the elements of this duty are specified in section 5.7 of the Code, and inclusion of an age preference statement in the vacancy notice is not among them. Section 5.7(a) of the Code states that "[w]here appropriate and feasible, the recruitment efforts shall provide opportunities for persons 60 years of age or older to receive coaching or special preparation for the taking of civil service examinations"; section 5.7(b) of the Code mandates that "[d]epartment positions which become vacant will be advertised throughout the Commonwealth's Aging Network"; and section 5.7(c) of the Code requires that "[a]rea agency on aging positions which become vacant shall be advertised throughout the planning and service area in publications and locations widely accessible to older persons-for example, senior citizen newsletters, senior centers and church and civic groups." 6 Pa.Code 5.7(a), (b)(c). Section 5.7(d) of the Code specifies explicit requirements for the advertisement of vacant positions as follows:

Advertisements of position vacancies shall include the following information:
(1) Job title and number of vacancies, if multiple.
(2) Location of the vacancy.
(3) Brief description of the job.
(4) Job requirements.
(5) Special requirements or conditions (shift work, travel, required licensure).
(6) Starting salary.
(7) Contact person.
(8) Final date for receiving applications.
(9) Identification as an "Equal Opportunity Employer."

6 Pa.Code § 5.7(d). Nowhere in this list of requirements for advertising position vacan-

is one of public policy, not of law, and would be more appropriately considered by the legislature than this court.

Accordingly, for these reasons, we affirm.

## *ORDER*

AND NOW, this 7th day of March, 2005, the March 15, 2004, order of the State Civil Service Commission is hereby affirmed.

---

cies is the requirement that a vacancy notice include a statement that preference will be given to applicants over sixty years of age.