**Louis G. DAILY, Petitioner**

v.

**STATE CIVIL SERVICE COMMISSION (NORTHAMPTON COUNTY AREA AGENCY ON AGING), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 12, 2011.

Decided Oct. 19, 2011.

Reconsideration Denied Dec. 2, 2011.

Louis Daily, pro se.

David M. Steckel, Allentown, for respondent Northampton County Area Agency on Aging.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and BUTLER, Judge.

OPINION BY Judge BUTLER.

Louis G. Daily (Daily) petitions this Court, pro se, for review of the March 21, 2011 order of the State Civil Service Commission (Commission) sustaining his non-selection by the Northampton County Area Agency on Aging (Agency) for promotion to Aging Care Management Supervisor 1 (ACMS1). The issues before this Court are: (1) whether the Commission erred by finding that the Agency could make the appointment in this case by promotion without examination; and, (2) whether the Commission erred by finding insufficient evidence of age discrimination. Based upon the following, we affirm the order of the Commission.

Effective January 4, 2010, the position of ACMS1 within the Agency was made available due to the retirement of the prior ACMS1. In light of that, on December 15, 2009, the Agency's Administrator, John R. Mehler (Mehler), posted an announcement of the opening of the position on all county bulletin boards. The announcement stated: "This position may be filled by the following options: appointment from the PA State Civil Service Eligibility List, lateral transfer, reinstatement from resignation, or promotion without examination." Notes of Testimony, June 17, 2010 (N.T.) at Ex. AA–1. The announcement specified, depending upon the option, the methods by which applicants could apply, and specifically set forth the selection criteria for promotion without examination.

By email to Mehler dated December 22, 2009, Robert Martin (Martin), requested an opportunity to interview for the posted position, then supplied his formal application for promotion without exam. Mehler and Senior Aging Care Manager 1, Delores Miller (Miller), interviewed Martin on January 6, 2010. Although Mehler had complete confidence in Martin's clinical decision-making and supervisory abilities, he felt an obligation to interview additional candidates, particularly to see if there was someone more knowledgeable relative to computers. Mehler, therefore, obtained a list of eligible candidates from the Commission, and availability surveys were sent to those candidates. Mehler and Miller interviewed three individuals on the eligibility list who returned surveys relative to their availability for an interview, G.S. Newhard, A. Dubrow and Daily.

Following the interviews, Mehler determined that Martin was the most qualified candidate for the ACMS1 position. Martin was offered and accepted the position. By letter dated March 17, 2010, Newhard, Dubrow and Daily were notified that they were not selected for the job. Daily filed an appeal with the Commission challenging his non-selection for the position on the basis that he was discriminated against due to his age, in violation of Section 905.1 of the Civil Service Act (Act).[1] Martin notified the Commission that he would participate in the proceeding. A hearing was held on June 17, 2010, at which Mehler and Daily offered testimony. On March 21, 2011, the Commission issued its order sustaining the Agency's non-selection on the basis that Daily failed to present evidence establishing discrimination. Daily filed a petition for review of the Commission's order with this Court.[2]

[1.] Act of August 5, 1941, P.L. 752, added by Section 25 of the Act of August 27, 1963, P.L. 1257, 71 P.S. § 741.905a.

[2.] Our scope of review of a Commission adjudication is limited to determining whether there has been a violation of constitutional rights, an error of law, or whether findings of fact are supported by substantial evidence. *Wei v. State Civil Serv. Comm'n*, 961 A.2d 254 (Pa.Cmwlth.2008).

Daily argues on appeal that the Commission erred by concluding that the appointment for the ACMS1 position could be made by promotion without examination under circumstances in which applicants on a competitive civil service list were simultaneously considered. We disagree.

The Act affords appointing agencies with the opportunity to fill vacancies in positions in the classified service by several methods. Section 601 of the Act, 71 P.S. § 741.601, specifically states in relevant part:

Whenever a vacancy is likely to occur or is to be filled in the classified service, the appointing authority shall submit to the director a statement indicating the position to be filled. *Unless the appointing authority elects to follow one of the alternative procedures provided for in this act* . . . the director shall certify to the appointing authority the names of the three eligibles who are highest on the appropriate promotion list or employment list, whichever is in existence, or from the one, which under the rules of the commission, has priority.[3]

(Emphasis added). Thus, in addition to obtaining an employment list from the Commission of persons eligible for employment based upon employment examinations pursuant to Section 501 of the Act (71 P.S. §§ 741.501, 741.602; 4 Pa.Code § 95.51), alternative methods of selection provided for in the Act include: lateral transfer (Section 705 of the Act, 71 P.S. § 741.705; 4 Pa.Code § 99.21), reinstatement from resignation (Section 806 of the Act, 71 P.S. § 741.806), demotion (Section

706 of the Act, 71 P.S. § 741.706; 4 Pa. Code § 99.32), promotion by examination (Sections 501, 601 and 602 of the Act, 71 P.S. §§ 741.501, 741.601, 741.602; 4 Pa. Code § 95.7(a)-(b)), and promotion without examination (Section 501(a) of the Act, 71 P.S. § 741.501(a); 4 Pa.Code § 95.7(c)). There is nothing in the Act or the Commission's Rules that makes these lists mutually exclusive. In fact, Section 97.1 of the Commission's Rules, 4 Pa.Code § 97.1, provides that "[a]n eligible list shall be composed of as many lists as necessary to meet employment needs in locations where the jobs are available." Therefore, the Agency was permitted to fill the ACMS1 position using an employment eligibility exam list and/or by promotion without examination, which was made clear to Daily in the job announcement. The Commission did not, therefore, err by concluding that the appointment for the ACMS1 position could be made by promotion without examination.

Daily also argues on appeal that the Commission erred by concluding that there was insufficient evidence of age discrimination on the part of the Agency. Daily specifically argues that the Agency's failure to appoint someone over 60 years of age constituted traditional and procedural age discrimination. We disagree.

Section 905.1 of the Act provides that "[n]o officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of . . .

---

3. "Eligible" is defined in the Act as "a person whose name is on an eligible list." Section 3(q) of the Act, 71 P.S. § 741.3(q). An "[e]ligible list" is either "an employment list, a promotion list or a reemployment list." Section 3(p) of the Act, 71 P.S. § 741.3(p). An "employment list" is "a list of persons who have been found qualified by an entrance examination for appointment to a position in a particular class." Section 3(n) of the Act, 71 P.S. § 741.3(n). A "promotion list" is "a list of persons who have been found qualified by a promotion examination for appointment to a position in a particular class." Section 3(*o*) of the Act, 71 P.S. § 741.3(*o*).

race, national origin or other non-merit factors." This Court has stated that " '[t]raditional' forms of discrimination focus upon such factors as race, sex or age." *Masneri v. State Civil Serv. Comm'n (W. Ctr., Dep't of Pub. Welfare)*, 712 A.2d 821, 823 n. 3 (Pa.Cmwlth.1998). Procedural or " '[t]echnical' discrimination involves a violation of procedures required pursuant to the Act or related Rules." *Id.*

■ Based upon Daily's allegations of age discrimination, the Commission held a hearing pursuant to Section 951(b) of the Act.[4] Section 105.16(a) of the Commission's Rules, 4 Pa.Code § 105.16(a), places the burden of proving disparate treatment on the person claiming it. *Pronko v. Dep't of Revenue*, 114 Pa.Cmwlth. 428, 539 A.2d 456 (1988). "Moreover, discrimination cannot be inferred. There must be affirmative factual support to sustain the allegations." *Price v. Luzerne/Wyoming Counties Area Agency On Aging*, 672 A.2d 409, 413 (Pa.Cmwlth.1996) (citation omitted).

The record in this case reflects that Daily had taken the Commission's examination for Aging Program Assessors/Aging Care Management Supervisors, and the announcement for same stated: "Employment preference will be granted to individuals aged 60 and over." N.T. at Ex. AP–1. At the hearing before the Commission, Daily's evidence of age discrimination consisted solely of his testimony that he was placed on an eligibility list, that the test announcement indicated that preference would be given to applicants who are 60 years old or over, that he was over 60 years old at the time he was interviewed for the position, which he made known to Mehler, and that Martin, who is not over age 60, was given the job. The Commission deemed this insufficient evidence of discrimination, and we agree. Even if we were to take into account testimony elicited from Mehler at the hearing, there was insufficient evidence of age discrimination by the Agency.

According to Mehler's testimony at the hearing, he filled the ACMS1 position based upon relevant experience supervising in the human services field, working with the elderly, and knowledge of Waiver Care Management, the Nursing Home Transition Program and the Management Information System. He selected Martin on the basis that, after weighing these factors among the interviewed candidates, Martin was best suited for the job. He testified that the primary reason Daily was not selected for the job was that he lacked relevant experience working with disabled elderly persons. Except for Daily, who volunteered his age, Mehler did not know the ages of the candidates he interviewed. According to Mehler, Daily's age did not factor into his consideration when selecting the best candidate to fill the ACMS1 position.

■ The Commission deemed Mehler's testimony about his specific reasons for appointing Martin credible. "The Commission is the sole fact finder and has exclusive authority to assess credibility and resolve evidentiary conflicts." *Wei v. State Civil Serv. Comm'n*, 961 A.2d 254, 259 (Pa.Cmwlth.2008). Moreover,

> This Court may not substitute [its] judgment for that of the Commission and [it] must accept its findings, if they are supported by substantial evidence. Substantial evidence needed to support a finding of the Commission is relevant evidence that a reasonable mind might accept as adequate to support the conclusion reached.

---

**4.** Section 951(b) states that "[a]ny person who is aggrieved by an alleged violation of section 905.1 of this act may appeal in writing to the commission...." 71 P.S. § 741.951(b).

*Naso v. State Civil Serv. Comm'n (Dep't of Corrs.)*, 696 A.2d 923, 926 (Pa.Cmwlth. 1997) (citation omitted). It is clear from this record that there was substantial evidence to support the Commission's finding that Daily failed to meet his burden of proving age discrimination. Accordingly, we find no error on the part of the Commission in that regard.

■ Daily asserts that, because the ACMS1 test announcement specified that preference is to be given to persons 60 years of age and older, then regardless of the method by which the Agency chooses to fill a vacant position, the age preference applies. Daily cites the Agency's enabling statute and its Regulations in support of his position. Mehler testified, however, that had he hired from the list of eligible employees, the age preference would have been relevant, but since he filled the position by promotion without examination, the age preference was not applicable. *See* N.T. at 77, 79. The law supports Mehler's understanding of the applicability of age preference.

Pursuant to Section 501(c) of the Act, 71 P.S. § 741.501(c), "[l]imitations as to age, sex, health, moral character, experience and other qualifications may be specified in the rules of the commission and in the announcements of the examinations." The ACMS1 examination announcement reflected an age preference. On the other hand, neither Section 95.7(c) of the Commission's Rules relating to promotion without examination, nor the job announcement for the ACMS1 vacancy specify an age preference.

Moreover, Section 2202–A(b) of the Administrative Code of 1929[5] requires: "In filling vacancies authorized to the [Agency], the secretary shall assure that preference is given to persons sixty years of age

or older." 71 P.S. § 581–3(b). Section 5.3 of the Agency's Regulations, 6 Pa.Code § 5.3, clarifies that provision as follows: "In the selection of personnel to fill vacant positions in the [Agency] and area agencies on aging, preference, *subject to this chapter*, shall be given to available qualified persons 60 years of age or older." (Emphasis added). Section 5.4 of the Agency's Regulations, 6 Pa.Code § 5.4, states, in pertinent part:

> With reference to positions subject to Articles V–VII of the Civil Service Act (71 P.S. §§ 741.501–741.708) . . . the following apply:
>
> (1) Available qualified persons 60 years of age or older are identified on Certifications of Eligibles issued by the State Civil Service Commission for use by appointing authorities.
>
> (2) In order to receive preference, a person identified as being age 60 or older shall be placed among the three highest ranking, available eligibles in accordance with the rule of three.

There does not appear to be a similar provision applicable to promotions without examination. Thus, we find it clear that while the Agency's enabling statute and its Regulations set forth an age preference, it applies only when selections are made from a list of eligibles. *See Thompson v. State Civil Serv. Comm'n*, 869 A.2d 575 (Pa.Cmwlth.2005) (the Agency's age preference applied only to applicants whose names appeared on the list of eligibles when that was the selected method of filling the position). Accordingly, we find that age preference in this case of promotion without examination was not applicable.

Based upon the foregoing, we affirm the Commission's order.

**5.** Act of April 9, 1929, P.L. 177, *as amended,* added by Section 6 of the Act of June 20, 1978, P.L. 477, 71 P.S. § 581–3(b).

*ORDER*

AND NOW, this 19th day of October, 2011, the March 21, 2011 order of the State Civil Service Commission is affirmed.