IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue,       :
      Petitioner    :
              :
   v.          : No. 128 C.D. 2020
              : SUBMITTED: January 15, 2021
State Civil Service Commission  :
(Department of Human Services), :
      Respondent  :

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM             FILED: May 3, 2021

   Sean M. Donahue petitions for review, *pro se*, of the January 16, 2020 Order of the State Civil Service Commission (Commission) dismissing his appeal and sustaining the action of the Department of Human Services (DHS) in not selecting him for the position of Income Maintenance Caseworker in DHS's Luzerne County Assistance Office – Hazleton District (IMC position). We affirm the Commission's Order.

## **Background**

   DHS posted a job vacancy for the IMC position, both externally and internally, from June 22, 2018 through July 6, 2018. An external job posting is filled using civil service lists certified by the Commission. An internal job posting is filled using bids submitted by current state and local civil service employees seeking reassignments and transfers.

   Mr. Donahue applied for the IMC position on June 24, 2018, but he was not selected for the position. DHS filled the position internally. No civil service lists containing Mr. Donahue's name were used to fill the IMC position.

On August 31, 2018, Mr. Donahue filed an appeal with the Commission, challenging his non-appointment to the IMC position. In his appeal, Mr. Donahue averred, "I wasn't hired so my veterans['] preference wasn't honored." Notes of Testimony (N.T.), 12/19/18, DHS Ex. A.

The Commission held an evidentiary hearing on December 19, 2018. Janet Norton, DHS's Field Human Resources Officer, testified on DHS's behalf. Mr. Donahue, appearing *pro se*, testified on his own behalf.

At the conclusion of Mr. Donahue's case-in-chief, DHS orally moved to dismiss the appeal, arguing that Mr. Donahue had failed to satisfy his burden of proving a *prima facie* case of discrimination or a violation of Section 7104(b) of the statute commonly known as the Veterans' Preference Act, 51 Pa. C.S. § 7104(b).[1] N.T., 12/19/18, at 95-97. The Commission declined to rule on the motion at that time, stating that it would rule on the motion in its subsequent written adjudication, after the parties had submitted supporting briefs. *Id.* at 97-98, 160-61. Following the hearing, both parties filed post-hearing briefs with the Commission.

On January 16, 2020, the Commission dismissed Mr. Donahue's appeal, concluding that he failed to meet his burden of proving discrimination in violation

---

[1] Section 7104(b) of the Veterans' Preference Act provides:

*Whenever a veteran's name appears on an eligible list certified [by the Commission] or provided as the result of a civil service examination, the appointing authority in making an appointment to a public position shall give preference to the veteran*, notwithstanding the veteran's standing on the eligible list if the appointment is otherwise made in accordance with 71 Pa.[]C.S. § 2402 (relating to selection and appointment of eligibles). A veteran may not begin or hold the public position until proof of discharge papers, separation documents or statement of service are provided to the appointing authority.

51 Pa. C.S. § 7104(b) (emphasis added).

of Section 905.1 of the former Civil Service Act.[2]  The Commission explained its reasoning as follows:

> Pennsylvania law does not preclude [DHS] from using alternative recruitment methods [in hiring].  As [Ms.] Norton credibly testified, [Mr. Donahue] was not eligible for the [IMC] position under the recruitment method used by [DHS] to fill the position.  *The [IMC] position was filled through the internal hiring method.  At the time of the hiring, [Mr. Donahue] did not hold, nor has he ever held, a civil service position with the Commonwealth [of Pennsylvania].  Thus, he was not eligible for the [IMC] position under the recruitment method used by [DHS].*  As such, [DHS] was not required to interview or select [Mr. Donahue] for the [IMC] position.

> Based on the foregoing, we find [that DHS] provided a legitimate, non-discriminatory explanation for not selecting [Mr. Donahue] for appointment to the [IMC] position . . . .  *[Mr. Donahue] provided no credible evidence that [DHS's] merit-related reason was pretextual. . . .*

---

[2] Act of August 5, 1941, P.L. 752, *as amended*, added by the Act of August 27, 1963, P.L. 1257, *formerly* 71 P.S. § 741.905a.  Section 905.1 of the former Civil Service Act provided:

> No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations[,] because of labor union affiliations[,] or because of race, national origin or other non-merit factors.

*Formerly* 71 P.S. § 741.905a.  Section 951(b) of the former Civil Service Act provided that any person who is aggrieved by an alleged violation of Section 905.1 may appeal in writing to the Commission within 20 calendar days of the alleged violation.  *Formerly* 71 P.S. § 741.951(b), added by the Act of August 27, 1963, P.L. 1257.

The General Assembly repealed the Civil Service Act by the Act of June 28, 2018, P.L. 460, which became effective on March 28, 2019.  The provisions of the former Civil Service Act are now found in Title 71, Part III, of the Pennsylvania Consolidated Statutes, commonly known as the Civil Service Reform Act.  Because Mr. Donahue challenges hiring decisions that were made before the Civil Service Act's repeal date, we apply the former Civil Service Act's provisions to this case.

Comm'n Adjudication, 1/16/20, at 11 (footnote and internal citations omitted) (emphasis added). Mr. Donahue now petitions this Court for review.[3]

## Analysis

An individual who appeals his non-selection for appointment to a position in the civil service may do so only on the basis of discrimination. *Price v. Luzerne/Wyoming Cntys. Area Agency on Aging*, 672 A.2d 409, 413 (Pa. Cmwlth. 1996). There are two categories of discrimination under the former Civil Service Act: "traditional discrimination" and "procedural discrimination." *Daily v. State Civ. Serv. Comm'n*, 30 A.3d 1235, 1239 (Pa. Cmwlth. 2011). Traditional discrimination is based on factors such as race, sex, national origin, and other non-merit factors. *Id.* Procedural discrimination is based on procedural violations of the former Civil Service Act and its attendant regulations. *Id.*

In this case, Mr. Donahue appears to allege procedural discrimination, because he argues that DHS improperly limited the applicant pool for the IMC position to only internal candidates. Mr. Donahue claims that, by doing so, DHS "wrongfully filled [the] entry[-]level [IMC] position[] as if [it] were a promotion." Pet. for Rev. ¶ 8. He also alleges that DHS "compared multiple [hiring] lists and then decided which lists to hire from . . . to circumvent the Veterans' Preference Act." *Id.*

When an appellant claims discrimination under Section 905.1 of the former Civil Service Act, he bears the burden of demonstrating a *prima facie* case of discrimination. *See Price*, 672 A.2d at 413; 4 Pa. Code § 105.16(a). To establish a

---

[3] Our review of the Commission's decision is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the Commission's factual findings are supported by substantial evidence. *Williams v. State Civ. Serv. Comm'n*, 811 A.2d 1090, 1092 n.1 (Pa. Cmwlth. 2002).

4

*prima facie* case of procedural discrimination, the appellant "must show that he was, in fact, harmed because of the technical non-compliance with the [former Civil Service] Act or evidence that[,] because of the peculiar nature of the procedural impropriety[,] he could have been harmed but there is no way to prove that for certain." *Perry v. State Civ. Serv. Comm'n (Dep't of Lab. & Indus.)*, 38 A.3d 942, 956 (Pa. Cmwlth. 2011). If the appellant establishes a *prima facie* case, the burden shifts to the appointing authority to advance a legitimate, non-discriminatory reason for its action. *Cola v. State Civ. Serv. Comm'n (Dep't of Conservation & Nat. Res.)*, 861 A.2d 434, 436 (Pa. Cmwlth. 2004).

Mr. Donahue contends that DHS "compared a large number of different hiring lists, including both internal and external applicants, evaluated their qualifications, identified veterans they didn't want to hire and then decided to hire only from the lists that circumvented veterans['] preference." Pet. for Rev. ¶ 54. We reject this claim.

The plain language of Section 7104(b) of the Veterans' Preference Act states that veterans' preference applies "[w]henever a veteran's name *appears on an eligible list certified [by the Commission]*." 51 Pa. C.S. § 7104(b) (emphasis added); *see also Hous. Auth. of Cnty. of Chester v. Pa. State Civ. Serv. Comm'n*, 730 A.2d 935, 947 (Pa. 1999) ("[M]andatory veterans' preference [must] be afforded to any veteran who is applying for a civil service position and *who is on an [e]ligible [l]ist* due to his performance on the civil service examination.") (emphasis added).

Here, it is undisputed that Mr. Donahue's name was not on any lists DHS used to fill the IMC position at issue, because DHS filled the position internally. The Commission found that an internal job posting is filled using bids submitted by current state and local civil service employees seeking reassignments and transfers.

5

Comm'n Finding of Fact (F.F.) No. 7. Veterans' preference applies only when a candidate is selected from *a certified list of eligibles containing the name of an eligible veteran. See* 51 Pa. C.S. § 7104(b). Because DHS did not use any civil service lists containing Mr. Donahue's name to fill the IMC position, Comm'n F.F. No. 10, Mr. Donahue failed to establish that DHS violated the Veterans' Preference Act by not selecting him for the position. *See Hous. Auth.*, 730 A.2d at 943 (explaining that the veterans' preference policy outlined in the Commission's management directive "reflect[s] the will of the legislature that veterans be given mandatory preference in appointment *when their names appear together with those of non-veterans on a list of eligibles*") (emphasis added).

Next, Mr. Donahue contends that state agencies, such as DHS, intentionally circumvent the veterans' preference requirement by using different hiring lists to "game[]the hiring system." Pet. for Rev. ¶ 8.[4] The Commission, however,

---

[4] In his principal brief, Mr. Donahue baldly asserts, without any citation to record evidence:

> Because DHS did not want to hire [Mr. Donahue], it simply shuffled positions around on paper from office to office as a means of evading veterans['] preference and as a means of evading [sic] having to hire [Mr. Donahue]. DHS[']s hiring tactics involved having the people it wanted to hire in the Hazleton office apply to the same position in a different office, one that [Mr. Donahue] did not apply to. DHS then hired those applicants through a different office on paper, using a different civil service hiring list, and later transferred those individuals to fill positions in the Hazleton office. This practice served to illegally exclude [Mr. Donahue] from consideration and hiring.

> . . . .

> While people were actually hired to physically work in the Hazleton office, DHS paid them on paper as if they were working in another office other than Hazleton, such as Wilkes-Barre. DHS also incentivised [sic] employees from other offices to transfer to the Hazleton office so that DHS could evade [sic] having to hire [him]. DHS employees enjoy the assurance of the DHS general counsel, which conspired

**(Footnote continued on next page…)**

specifically rejected this claim, finding that Mr. Donahue "did not provide any evidence that [DHS] or other [state] agencies have in fact done this, nor did [he] provide any evidence that this [practice] occurred" with regard to the IMC position at issue. Comm'n Adjudication, 1/16/20, at 7; *see Reck v. State Civ. Serv. Comm'n (Pa. Liquor Control Bd.)*, 992 A.2d 977, 979 (Pa. Cmwlth. 2010) (stating that, in civil service cases, "[a]ffirmative factual allegations must support all claims of discrimination because discrimination cannot be inferred"). We find no error in this determination.

Finally, Mr. Donahue challenges DHS's use of internal recruitment methods when hiring for certain positions, asserting that DHS "narrowed the qualifications for hiring s[o] that it had only one qualified candidate on the list" and then "gamed the system to protect the candidate it wanted to hire." Pet. for Rev. ¶¶ 38-40; *see id.* ¶ 50. This claim is belied by Ms. Norton's testimony.

Ms. Norton testified that she was directly involved in the recruitment process for the IMC position. N.T., 12/19/18, at 107. Ms. Norton testified that the position was posted both externally and internally, but DHS received an "adequate number" of bids from current civil service employees to recruit for the position internally. *Id.* at 107-08. She explained that using internal bidders to fill the position saves time and resources because the selected candidate is "a known employee," his or her employment record is already on file, and a background check has already been performed. *Id.* at 108-09. Ms. Norton further testified that the person selected for

_____

with them, that they will not face disciplinary action for having engaged in such illegal hiring practices[] . . . .

Donahue Br. at 10-11.

7

the IMC position did not come from a civil service list and that no civil service list containing Mr. Donahue's name was used to fill the IMC position. *Id.* at 109.

On cross-examination, Ms. Norton testified that DHS "follow[s] all [of] the [c]ivil [s]ervice rules for all of [its] hires." *Id.* at 112-13. Although Ms. Norton could not recall exactly how many internal candidates were interviewed for the IMC position, *id.* at 108, she testified that there were more than five candidates and that the candidates underwent a "competitive interview process," *id.* at 114, 137. She also testified that she is unaware of any civil service rule that requires DHS to use only external job postings. *Id.* at 137.

The Commission credited Ms. Norton's testimony, finding that Mr. Donahue was not eligible for the IMC position because DHS recruited for the position internally, as it was entitled to do. Comm'n Adjudication, 1/16/20, at 11. Mr. Donahue presented no credible evidence to refute this testimony. The Commission determined that "Pennsylvania law does not preclude [DHS] from" using internal recruitment methods in hiring. *Id.* The Commission also found, based on Mr. Donahue's own testimony, that Mr. Donahue "did not hold, nor has he ever held, a civil service position with the Commonwealth [of Pennsylvania]." *Id.*; *see* Comm'n F.F. No. 3; N.T., 12/19/18, at 29. It is well settled that "[t]he Commission is the sole fact finder in civil service cases and has exclusive authority to assess witness credibility and to resolve evidentiary conflicts," and this Court "will not disturb the Commission's determinations regarding credibility or the weight of evidence." *Bosnjak v. State Civ. Serv. Comm'n*, 781 A.2d 1280, 1286 (Pa. Cmwlth. 2001). We

8

conclude that the Commission's findings are supported by substantial evidence of record.[5]

## Conclusion

Accordingly, because we conclude that Mr. Donahue failed to establish a *prima facie* case of discrimination, we affirm the Commission's Order.

---

[5] In both his Petition for Review and appellate briefs, Mr. Donahue makes several arguments relating to testimony presented in other cases he filed with the Commission, the transcripts of which are not part of this record. This Court, however, cannot consider evidence on appeal that was not part of the record before the Commission in this matter. *See Pa. Tpk. Comm'n v. Unemployment Comp. Bd. of Rev.*, 991 A.2d 971, 974 (Pa. Cmwlth. 2009); *Pryor v. Workers' Comp. Appeal Bd. (Colin Serv. Sys.)*, 923 A.2d 1197, 1201 (Pa. Cmwlth. 2006); *see also* 2 Pa. C.S. § 704 ("The [appellate] court shall hear the appeal . . . on the record certified by the Commonwealth agency . . . ."). Therefore, we will not consider Mr. Donahue's extra-record arguments.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue,                          :
                 Petitioner               :
                                          :
        v.                                :   No. 128 C.D. 2020
                                          :
State Civil Service Commission            :
(Department of Human Services),           :
                 Respondent               :

**PER CURIAM**

# **O R D E R**


AND NOW, this 3rd day of May, 2021, the Order of the State Civil Service Commission, dated January 16, 2020, is hereby AFFIRMED.