# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue,                :
          Petitioner      :
                        :  No. 269 M.D. 2024
       v.             :
                        :  Submitted:  May 6, 2025
Pennsylvania Department of Human  :
Services (Schuylkill County Assistance  :
Office), Pennsylvania State Civil    :
Service Commission, and Pennsylvania  :
Governor's Office of Administration,  :
          Respondents    :

## _OPINION NOT REPORTED_

**MEMORANDUM OPINION**
**PER CURIAM**                          **FILED:  May 15, 2026**

Sean M. Donahue (Petitioner), *pro se*, has petitioned this Court to review an adjudication of the State Civil Service Commission (Commission), which dismissed his appeal challenging his non-selection for appointment as an income maintenance caseworker with the Schuylkill County Assistance Office, Department of Human Services (Department).  In its adjudication, the Commission concluded that Petitioner's non-selection was not motivated by discrimination. Upon review, we affirm.

Concurrently, Petitioner has petitioned this Court for declaratory relief related to the Department's hiring processes and, in particular, the hiring preference given to veterans.  Additionally, Petitioner has petitioned this Court for a writ of mandamus, in which he asks this Court (1) to compel the Pennsylvania Governor's Office of Administration (OA) to reissue the list of eligible candidates for the

caseworker position, which must include Petitioner, and (2) to compel the Department to "redo" its hiring process, hire Petitioner retroactively, and pay him backpay and the cash value of all benefits.

In response, OA has filed preliminary objections in the nature of a demurrer, asserting that mandamus does not lie. Upon review, we sustain the preliminary objections and dismiss the mandamus claim with prejudice.[1]

## I. BACKGROUND[2]

In December 2022, the Department posted a job vacancy in its Schuylkill County Assistance Office. In relevant part, the qualifications and requirements for this vacancy included a hiring preference for residents of Schuylkill County, a hiring preference for veterans,[3] and a special recruitment option for employees of two out-of-county offices (White Haven Center and Polk Center) that were scheduled for closure and whose employees were to be furloughed.

The posting for this vacancy indicated that non-county residents would be considered only if it was first determined there were no eligible county residents. Nevertheless, applications from non-county residents were accepted and included in the initial referral list compiled by OA. Petitioner was among those applicants

---

[1] The Department has not filed preliminary objections. Although our disposition of OA's preliminary objections results in the dismissal of Petitioner's mandamus claim, which is directed to both OA and the Department, there is no pleading or motion before the Court that would permit us to address Petitioner's claim for declaratory relief.

[2] This background is derived from Petitioner's pleadings and the adjudication issued by the Commission, as well as the broader record certified to this Court. To the extent Petitioner seeks relief in our original jurisdiction based on certain pleaded facts, we construe those facts in his favor; however, Petitioner is entitled to no such benefit regarding his appeal. *See* Pet. for Rev., 5/19/24; Comm'n's Adjudication, 4/18/24.

[3] Veterans' preference refers to the Veterans' Preference Act, 51 Pa.C.S. §§ 7101.1-7111, which provides veterans with certain advantages when seeking public employment. *See generally Dep't of Corr. v. Lynn*, 306 A.3d 338 (Pa. 2023)

included in the initial referral list. Petitioner is a veteran, but he is not a resident of Schuylkill County, nor was he eligible for the special recruitment option.

Based on this initial referral list, OA sent emails informing applicants that they could self-schedule interviews. At some point during this process, OA realized that non-county residents had been erroneously included in the initial referral list and shut down the self-scheduling process. The list was filtered to exclude the non-county residents, but OA then added three special recruitment applicants (amended referral list). Petitioner was not included in the amended referral list.

The hiring process resumed. The Department eventually hired two *county* residents. Although two of the three special recruitment applicants received interviews, none were hired. On January 26, 2023, Petitioner received notice that he did not qualify for the residency preference, and which suggested that he apply for other opportunities with the Commonwealth.

Petitioner appealed to the Commission, alleging both traditional and technical discrimination. Upon review, and following two evidentiary hearings, the Commission rejected his claims of disparate treatment and bias. Regarding disparate treatment, the Commission concluded that Petitioner was not similarly situated to the three special recruitment applicants. The distinction recognized by the Commission was that the special recruitment applicants were Department employees who were to be furloughed, whereas Petitioner was a candidate attempting to enter Commonwealth employment. Regarding bias, the Commission concluded that the

3

county residency filter was a legitimate, non-discriminatory reason for Petitioner's non-selection.[4]

Further, the Commission concluded there was no technical discrimination. In its view, the inclusion of the special recruitment applicants in the amended referral list was erroneous but, ultimately, a harmless error because the Department filled its vacancies with county residents. Moreover, the Commission reasoned, the Department omitted Petitioner from the amended referral list because of the county residency preference; therefore, Petitioner's status as a veteran had no bearing on the selection process. Thus, in April 2024, the Commission dismissed the appeal.

In May 2024, Petitioner commenced this litigation by filing a dual-jurisdiction petition. As set forth above, Petitioner challenges the adjudication of the Commission, seeks declaratory relief regarding the Department's hiring policies and responsibilities, and seeks mandamus relief from the Department and OA. In response to Petitioner's claim for mandamus relief, OA has demurred. The Department has not filed responsive pleadings. *See* Pa.R.Civ.P. 1017. Following briefing by the parties, Petitioner's appeal and OA's preliminary objections are ready for adjudication.

---

[4] Petitioner does not challenge these conclusions on appeal. *See* Pet. for Rev. at 2-4 (identifying three issues and framing the first, his appellate issue, as a waiver of the county residency preference and a violation of his veterans' preference).

4

## II. DISCUSSION

## A. Appeal[5]

Petitioner asserts two interrelated acts of technical discrimination. *See generally* Pet'r's Appellate Br., 8/5/24. According to Petitioner, the facts found by the Commission demonstrate that the Department and OA (1) waived the county residency preference and, thus, wrongfully excluded him from the amended referral list and (2) wrongfully violated the veterans' preference. *Id.* at 15-16, 19.[6] In his view, as soon as OA included non-county residents in its amended referral list, the Department was required to consider his application, grant him the appropriate veterans' preference, and hire him. *See id.* at 20-21. Petitioner rejects evidence that the Department and OA simply erred by including non-county residents. Rather, while conceding the first time may have been a mistake, Petitioner maintains that

---

[5] Our review "is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, whether the provisions of 2 Pa.C.S. §§ 501-508 (related to practice and procedure of Commonwealth agencies) have been violated, or whether the factual findings are supported by substantial evidence." *Allen v. State Civ. Serv. Comm'n*, 992 A.2d 924, 927 n.2 (Pa. Cmwlth. 2010). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion reached. *Daily v. State Civ. Serv. Comm'n (Northampton Cnty. Area Agency on Aging)*, 30 A.3d 1235, 1240 (Pa. Cmwlth. 2011). In civil service cases, the Commission is the sole factfinder, entitled to make determinations on the weight and credibility of evidence. *Perry v. State Civ. Serv. Comm'n (Dep't of Lab. & Indus.)*, 38 A.3d 942, 948 (Pa. Cmwlth. 2011). This Court views the evidence in the light most favorable to the prevailing party; it does not reweigh the evidence or substitute its judgment for that of the Commission. *Id.*

[6] Petitioner has cited 71 Pa.C.S. § 2301(b)(3), which provides that OA "may waive the residence requirements for the class or classes of positions" if an appointing authority finds a lack of qualified individuals available for appointment. To be clear, this provision vests OA with discretion to remove residency preferences; it does not prohibit OA from exercising its authority to restrict and/or filter applications based on geographical units. *See also* 71 Pa.C.S. § 2306 ("The Office of Administration shall establish and maintain eligible lists as are necessary or desirable to meet the needs of the service."). As we understand Petitioner's argument, OA's repeated inclusion of non-county residents in the list of eligible candidates demonstrates that OA had effectively waived the county preference. To the extent Petitioner may suggest otherwise, *e.g.*, that OA's errors in crafting the referral lists nullify its authority, we disagree.

the second time, when including the three special recruitment candidates, "was a deliberate, intentional and willful act."[7]  *Id.* at 20.

Technical discrimination involves a violation of legal procedures required by the Civil Service Reform Act (Act), 71 Pa.C.S. §§ 2101-3304, or applicable regulations.  *Pronko v. Dep't of Revenue*, 539 A.2d 456, 462 (Pa. Cmwlth. 1988).  Unlike traditional forms of discrimination, there is no need for a complainant to demonstrate intent.  *Id.*; *see Price v. Luzerne/Wyoming Cntys. Area Agency on Aging*, 672 A.2d 409, 413 (Pa. Cmwlth. 1996) (explaining that "[t]he reason for such a holding is that often what has occurred is an administrative error or mistake, and this intent to discriminate is frequently non-existent").[8]

However, in order to secure some type of relief, a complainant must establish that he has suffered harm because of the technical non-compliance or otherwise demonstrate that proof is elusive due to the peculiar nature of the procedural impropriety.  *See, e.g.*, *Pronko*, 539 A.2d at 462 (finding error but no harm where an improperly delineated furlough unit did not cause the appellant's furlough; rather, the appellant's relative lack of seniority would have led to his furlough anyway); *Pa. Bd. of Prob. & Parole v. Baker*, 414 A.2d 1117 (Pa. Cmwlth. 1980) (finding technical discrimination where promotion was based on results of an

---

[7] Petitioner also asserts baldly that there is no authority to create a special recruitment option for current employees subject to furlough.  *See* Pet'r's Appellate Br. at 23.  That assertion is incorrect.  Section 2401(d) of the Civil Service Reform Act provides:

> **(d) Selective certifications.--**If operational conditions of the appointing authority dictate and it is in the interest of the service to the Commonwealth, the Office of Administration may authorize selective certifications based on merit-related criteria.

71 Pa.C.S. § 2401(d); *see also id.* § 2306 (providing that OA shall establish and maintain eligibility lists as are "necessary or desirable").

[8] Thus, whether Petitioner is correct that OA or the Department intentionally included the special recruitment candidates is irrelevant.

6

unauthorized test, making it impossible to determine whether the aggrieved employee could have been the successful candidate).

In this case, we discern no harm to Petitioner. Clearly, as recognized by the Commission, OA and/or the Department erred when they included non-county resident, special recruitment candidates in the amended referral list. *See* Comm'n's Adjudication at 18.[9] However, this error did not harm Petitioner because the Department ultimately hired county residents to fill its vacancies. *See id.* at 18-19 (explaining that Petitioner would have been harmed if the Department had selected one of the special recruitment candidates). Thus, the Commission properly denied this claim. *See Pronko*, 539 A.2d at 462.

Petitioner's claim regarding the veterans' preference also lacks merit. Section 7104(b) of the Veterans' Preference Act grants a preference "[w]henever a veteran's name appears on an *eligible list* . . . ." 51 Pa.C.S. § 7104(b) (emphasis added); *see also Hous. Auth. of Cnty. of Chester v. State Civ. Serv. Comm'n*, 730 A.2d 935, 947 (Pa. 1999) ("[M]andatory veterans' preference [must] be afforded to any veteran who is applying for a civil service position and who is on an *[e]ligible [l]ist* due to his performance on the civil service examination.") (emphasis added). In this case, the Department filtered its referral list by county residency. Petitioner was not a resident of Schuylkill County and, therefore, could not appear on the eligible list certified by the Department. Thus, Petitioner's non-selection did not violate the veterans' preference.

---

[9] The Commission conceded that it was unclear who was ultimately responsible for including the special recruitment candidates. *See* Comm'n's Adjudication at 13 n.9.

## B. Preliminary Objections[10]

We also address OA's preliminary objections. OA maintains that Petitioner cannot establish any of the three elements required to state a claim in mandamus. *See* Resp't OA's Br. at 8-10. For example, according to OA, in seeking mandamus relief, Petitioner attempts a "'second bite of the apple' after the Commission denied him the relief he sought," while simultaneously seeking appellate review of the Commission's adjudication. *Id.* at 17. In other words, OA essentially argues that this mandamus action is inappropriate because he has another adequate remedy. *See id.* at 15-17.

Notwithstanding this flaw, OA further contends that Petitioner has no clear right to dictate the creation of eligibility lists because the General Assembly has vested OA with sole authority to supervise the administrative work of merit system employment. *See id.* at 12-14 (citing provisions of the Civil Service Reform Act). Finally, in its view, OA has no duty to reissue an eligibility list as demanded by Petitioner, which would essentially eliminate the county residency filter approved herein. *See id.* at 14-15.

"A proceeding in mandamus is an extraordinary action at common law and is available only to compel the performance of a ministerial act or mandatory duty where there exists no other adequate and appropriate remedy; there is a clear legal right in the [petitioner], and a corresponding duty in the [respondents]." *McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127, 1131 (Pa. 2005) (cleaned up). A

---

[10] In considering a demurrer, we "must decide whether it is clear from the well-pleaded facts and reasonable inferences from those facts that the claimant has not established a right to relief." *Yocum v. Pa. Gaming Control Bd.*, 161 A.3d 228, 233-34 (Pa. 2017) (cleaned up). "Because a demurrer challenges the legal sufficiency . . . , it should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted." *Garcia v. Am. Eagle Outfitters, Inc.*, 331 A.3d 541, 547 (Pa. 2025) (cleaned up).

petitioner must meet all three criteria for a writ of mandamus to issue. *Id.* at 1133; *see also Dotterer v. Sch. Dist. of City of Allentown*, 92 A.3d 875, 881 (Pa. Cmwlth. 2014) ("If any one of the foregoing elements is absent, mandamus does not lie.").

An applicant who believes that his non-selection is the result of discrimination may appeal to the Commission. 71 Pa.C.S. § 3003(7)(ii). If an appeal to the Commission is deemed meritorious, the Commission is empowered to grant appropriate relief "to assure the rights accorded the individual under this part." *Id.* § 3003(8)(ii). Further, because there is an absolute right of appeal to this Court from a final decision of the Commission, *see id.* § 3003(7)(iii), "mandamus or injunctive relief is unavailable." *Petsinger v. Dep't of Lab. & Indus., Off. of Vocational Rehab.*, 988 A.2d 748, 754 (Pa. Cmwlth. 2010); *see also Donahue v. Pa. Dep't of Hum. Servs.*, 347 A.3d 96 (Pa. Cmwlth. 2025) (rejecting claim for injunctive relief challenging the Department's hiring practices because the Act provided an adequate remedy).

Here, upon learning of his non-selection, Petitioner promptly filed an appeal with the Commission. Pet'r's Appeal Req. Form, 1/31/23. In support of his appeal, Petitioner alleged discrimination and numerous violations of the Act. *See id.* at 2-3 (unpaginated). Petitioner specifically challenged the manner in which OA administered the hiring process on behalf of the Department. *See id.* In relief, Petitioner sought to repeat the hiring process, "compulsory hiring," and "[d]amages for being singled out." *Id.* at 2. Upon review, the Commission adjudicated his appeal as meritless. *See* Comm'n's Adjudication. Petitioner then sought further appellate review in this Court, and we have agreed with the Commission's conclusion that Petitioner's non-selection was not motivated by discrimination.

We conclude that Petitioner had an adequate and appropriate remedy to seek relief for the alleged discriminatory treatment of his application for employment and to challenge his non-selection for appointment as an income maintenance caseworker with the Department. This remedy clearly encompasses redress for conduct attributed to both OA and the Department. Accordingly, mandamus relief is unavailable to Petitioner.[11], [12] *Dotterer*, 92 A.3d at 881; *Petsinger*, 988 A.2d at 754.

We need not address the other elements of mandamus in detail. As noted by OA, Petitioner has no clear right to the relief he seeks. The General Assembly has vested OA with sole authority to supervise the administrative work of

---

[11] To be clear, Petitioner's brief argument, *i.e.*, that he lacked an adequate and appropriate remedy because the Commission did not allow OA to be a party to his administrative appeal, is specious. *See* Pet'r's Br. in Opp'n to Prelim. Objs. at 25-26. Petitioner specifically challenged conduct by OA employees working on behalf of the Department, requested relief premised on this conduct, and questioned those employees before the Commission. *See* Pet'r's Appeal Req. Form at 3; *see, e.g.*, Hr'g Tr., 9/6/23, at 104-220 (testimony from Mary Ann Greco, an OA human resources analyst assigned to the Department). Had Petitioner been successful in his appeal, either before the Commission or this Court, the relief granted would be the same as the relief requested in mandamus. *Compare* Pet'r's Appeal Req. Form at 1 (requesting that the Department repeat its hiring process and ultimately appoint Petitioner), *with* Pet. for Rev., ¶ 27 (seeking a writ of mandamus directing (1) OA to reissue a list of eligible applicants that includes Petitioner and (2) the Department to hire Petitioner).

[12] A complaint in the nature of mandamus (or other extraordinary relief), which is in essence an appeal from an agency adjudication, shall not be dismissed as improvidently filed but instead regarded as an appeal. *See* 42 Pa.C.S. § 708(c). Caselaw interpreting this provision has focused on the substance of a petitioner's claims. *See, e.g.*, *Holly v. Com.*, 460 A.2d 900 (Pa. Cmwlth. 1983) (agreeing that a petitioner had improperly invoked this Court's original jurisdiction but declining to dismiss the action with prejudice because it could have been addressed to our appellate jurisdiction). Nevertheless, there is certainly an implication that the substance of a petitioner's claims should limit the procedural options for relief, thus proscribing "dual track" litigation in some circumstances. The United States Supreme Court has been critical of such procedural tactics. *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 8 n.6 ("[F]undamentally, a court of appeals has no occasion to engage in extraordinary review by mandamus . . . when it can exercise the same review by a contemporaneous ordinary appeal.").

merit system employment, including the creation of eligibility lists. *See, e.g.*, 71 Pa.C.S. §§ 2202(a) (outlining duties of the OA), 2301(c) (defining OA's role in creating eligibility lists); 2306 ("[OA] shall establish and maintain eligible lists as are necessary or desirable to meet the needs of the service."). Conversely, Petitioner has cited no authority vesting Petitioner with the right to direct OA's administrative authority. *See generally* Pet. for Rev.; Pet'r's Br. in Opp'n to Prelim. Objs.

Further, it is well settled that OA may filter eligibility lists by county residency. *See Humphreys v. State Civ. Serv. Comm'n*, 301 A.2d 400, 404 (Pa. Cmwlth. 1973 (*en banc*); *Donahue v. Off. of Admin. & Pa. Dep't of Hum. Servs.* (Pa. Cmwlth. No. 295 M.D. 2021, filed November 30, 2021) (*per curiam*). Thus, we discern no duty in OA to reissue an eligibility list as demanded by Petitioner, which would essentially eliminate the county residency filter approved herein.[13]

### III. CONCLUSION

Petitioner suffered no harm from the errant eligibility lists created. Additionally, Petitioner's absence from the amended referral list was appropriate, and so the veterans' preference was inapplicable. Thus, Petitioner failed to establish technical discrimination. *See Pronko*, 539 A.2d at 462.

Further, we sustain OA's demurrer to Petitioner's mandamus claim because Petitioner had an adequate and appropriate remedy to challenge the alleged discrimination. *See Dotterer*, 92 A.3d at 881; *Petsinger*, 988 A.2d at 754. Accordingly, we dismiss Petitioner's mandamus claim with prejudice.

---

[13] *See supra*, at n.4 (observing that Petitioner has not challenged the validity of residency filters on appeal), n.6 (recognizing OA's discretion to eliminate residency filters if no county residents are otherwise eligible for appointment).

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue, :
               Petitioner :
             : No. 269 M.D. 2024
          v. :
         :
Pennsylvania Department of Human :
Services (Schuylkill County Assistance :
Office), Pennsylvania State Civil :
Commission, and Pennsylvania :
Governor's Office of Administration, :
             Respondents :

**PER CURIAM**

## O R D E R

AND NOW, this 15th day of May, 2026, the adjudication issued by the State Civil Service Commission on April 18, 2024, which dismissed the appeal filed by Sean M. Donahue, is AFFIRMED. Additionally, the preliminary objections filed by the Pennsylvania Governor's Office of Administration are SUSTAINED, and Mr. Donahue's mandamus claim is DISMISSED with prejudice.

The Pennsylvania Department of Human Services is ORDERED to file an answer to Mr. Donahue's claim for declaratory relief within 30 days.